[Crim. No. 1005.   In Bank.—December 12, 1903.]

THE PEOPLE, Respondent, v. LEUNG OCK, Appellant.

CRIMINAL LAW—MURDER — SELF-DEFENSE — EVIDENCE—POSSESSION OF MONEY.—Upon a prosecution for murder, where the defendant sought to justify the killing upon a plea of self-defense, and the prosecution sought to show that the deceased had money in his cabin, and that defendant was in funds immediately thereafter, and the defendant testified that the deceased had made a demand upon him for money, evidence is admissible to show that the defendant had used part of a Chinese company's money, as pertinent in the establishment of those matters; and it was neither the intent nor the effect of such evidence to hold the defendant before the jury as an embezzler.

ID.—TEMPERAMENT AND DEMEANOR OF DEFENDANT.—Where it appears that the defendant visited the witness, it was proper to ask the witness as to his actual knowledge of the temperament of the de-

fendant,—if jovial, pleasant, talkative, or otherwise,—where it was proposed to follow the question by showing that his demeanor upon the visit he made after the homicide was different from that usual ·to him.

Id.—Explanation of Evidence at Preliminary Examination.—An objection that the court erred in refusing to allow the defendant to explain his reasons for giving different testimony at the preliminary examination from that given upon the trial was not tenable, where the court merely sustained a proper objection as to whether he gave correct testimony at that other hearing, in advance of any testimony given by him at the trial, but he was subsequently allowed to explain and did explain fully that his testimony at the preliminary hearing was false, and that he testified falsely through fear.

Id.—Objection to Preliminary Examination—Purpose of Presence of Interpreter.—An objection that there had ·been no valid preliminary examination, and that the interpreter thereat was in court for the express purpose of prosecuting the defendant, was properly overruled, where, so far as the record discloses, there was a valid preliminary examination, and defendant admitted that he was informed thereat as to his right to counsel, and to have witnesses subpœnaed and examined in his behalf, and, so far as the record discloses, the interpreter was not present in court for the purpose stated.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court. ·

James D. Fairchild, for Appellant.

U. S. Webb, Attorney-General, and E. B. Power, Deputy Attorney-General, for Respondent.

HENSHAW, J.—The defendant was informed against for the murder of one Wing Ga in the county of Siskiyou, was tried and convicted of murder in the first degree, and the death penalty was imposed. He appeals from the judgment and · from the order denying him a new trial. The points presented. upon appeal are briefly stated by his counsel without argument and without citation of authority. They have, however, one and all, been carefully examined, and the conclusion has been reached that they are without merit.

1. It is asserted that the court erred in allowing Chong Chung to testify as to the defendant having used part of a Chinese company's money, and it is said that this testimony had a tendency to hold the defendant before the jury as an embezzler. Such, however, was neither the intent nor the effect of the evidence. The defendant admitted the killing, but sought to justify upon the plea of self-defense. From his own evidence it appears that the deceased had made a demand upon him for money. It was further sought to be shown by the prosecution that the deceased had money in his cabin; that the defendant was penniless before the homicide, and was in funds immediately thereafter. In the establishment of these matters the question was pertinent.

2. It is alleged that the court "erred in allowing Wong Chu Quan to testify as to his conclusions as to the kind of a man defendant was." Here a citation is given to folio 268. No such evidence is found at this folio. Elsewhere in the record it appears that the defendant visited the witness, and the latter was asked as to the temperament of the defendant —if jovial, pleasant, talkative, or otherwise. It was explained that the question went only to the witness's actual knowledge in this regard, and that it was proposed to follow this question by showing that his demeanor upon the visit he made after the homicide was different from that usual to him. The question was pertinent and permissible.

3. Again it is asserted that the court erred in refusing to allow the defendant to explain his reasons for giving different testimony at the preliminary examination from what he gave upon the trial of the case. To this the answer is, that a question was asked of the defendant at the outset of his examination as follows: "Did you give correct testimony at that other hearing?" The objection was sustained to this, the court stating that it sustained the objection for the time being. The ruling was manifestly proper, as at that point in the proceedings it did not appear what testimony the defendant was about to give. Later, however, he was allowed to explain, and did explain fully, that the testimony which he gave at the preliminary hearing was false, and he was permitted further to explain the reason why he testified falsely, stating that he did so through fear.

4. It is said that the court "erred in allowing the defendant to testify as to the discrepancies between the testimony of defendant at the preliminary examination and at the trial, over our objection that there had been no valid preliminary examination, and that the interpreter at said examination, Fong Loon, was here for the express purpose of prosecuting the defendant." There is no citation to the record to support any of these statements, and we have searched it in vain for their corroboration. So far as the record discloses, there was a valid preliminary examination; so far as the record discloses, Fong Loon was not present for the express purpose of prosecuting the defendant; so far as the preliminary examination is concerned, it appears from defendant's own statement that he was informed as to his right to counsel, and as to his right to have witnesses subpoenaed and examined upon his behalf.

These being all the points presented for consideration, and an independent examination of the record disclosing no others meriting attention, the judgment and order appealed from are affirmed.

Lorigan, J., Van Dyke, J., McFarland, J., Shaw, J., Angellotti, J., and Beatty, C. J., concurred.