**UNITED STATES FIDELITY & GUARAN-TY CO. v. CLUTTER et al.**

No. 8934—Opinion Filed Sept. 24, 1918.

Rehearing Denied April 15, 1919.

(179 Pac. 754.)

1. **Executors and Administrators—Inventory and Appraisement—Property of Estate—Estoppel.**

Where an inventory and appraisement in administration proceedings is filed, the inventory not being signed and sworn to by the administrator, but by another person, though otherwise purporting to be made by the administrator, the appraisement, however, being signed and verified by the appraisers duly appointed by the court, and the administrator files no other inventory and appraisement treating the property set out as the property of the estate, making no attempt to strike the inventory and appraisement from the files or to correct the same or to prepare and return another in due form, the administrator is estopped to deny that he came into possession of the property as belonging to the estate.

2. **Same—Property of Estate—Presumption.**

Where an administrator of an estate treats real property as belonging to the estate by collecting rents, making repairs, paying taxes and insurance, including such items of receipt and disbursement in his reports to the court in the administration proceedings, and makes no showing up to the time of or during the trial of an action lodged against him involving such property of any mistake, inadvertence, or ignorance in so treating the property, in an action against him involving such property it will be presumed that same was properly in his possession and belonged to the estate.

3. **Same—Administrator's Bond—Suit by Creditor.**

A creditor cannot sue on an administrator's bond unless his claim has been established by a judgment or allowed by the county court in the progress of administration, but, when such claim has been established by a judgment, and a transcript thereof duly filed in the county court, and the administrator has property belonging to the estate sufficient to pay expenses of administration and all claims against the estate, but refuses to pay such claim, though ordered by the county court to sell property of the estate to pay debts, a suit against the sureties on the administrator's bond will lie by such creditor on the claim so established, notwithstanding there has been no final settlement and accounting in the county court. The case of Pennington v. Newman, 36 Okla. 594, 129 Pac. 697, distinguished.

(Syllabus by Stewart, C.)

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by B. F. Clutter against Oliver N. Clutter, administrator of the estate of Jesse L. Clutter, deceased, and the United States Fidelity & Guaranty Company, as surety on the administrator's bond. Judgment for plaintiff, and defendant United States Fidelity & Guaranty Company brings error. Affirmed.

Ames, Chambers, Lowe & Richardson, for plaintiff in error.

Lawrence Mills and Ledbetter, Stuart & Bell, for defendants in error.

Opinion by STEWART, C. Jesse L. Clutter died seized of real and personal property situated in Oklahoma county. On January 1, 1913, Oliver N. Clutter was appointed and duly qualified as administrator with United States Fidelity & Guaranty Company as surety on his bond, which was fixed in the sum of $500. Within the time allowed by law for presenting claims, B. F. Clutter, a creditor of the estate, presented his claim to the administrator, who refused to allow the same, and suit was brought, resulting in judgment being duly rendered on November 18, 1913, against the administrator, transcript of which judgment was filed as required by law in the county court. The administrator refused to pay the judgment, and on February 20, 1915, filed final account and report showing receipts and disbursements of money, including claims paid, in which the judgment mentioned was wholly disregarded, no reference being made to the same, such report showing a balance of $30.74 due the administrator. This report represented that all debts and claims against the estate had been paid, and distribution was asked for. On July 6, 1915, the plaintiff, B. F. Clutter, made application to the county court requiring the administrator to sell real estate for the purpose of paying the judgment; it appearing that there was no personal property out of which to pay the same. Order was made by the court requiring the administrator to sell real estate for the purpose of paying debts with which order the administrator refused to comply, and still refused to pay the judgment. On August 4, 1915, the plaintiff began action against the administrator and the United States Fidelity & Guaranty Company as surety on the administrator's bond, and judgment was afterwards rendered on such bond to the extent of the face thereof; plaintiff's claim exceeding the amount of the bond. From this judgment the defendant United States

Fidelity & Guaranty Company duly appeals to this court.

The evidence discloses that all the debts of the estate had been paid except the claim of plaintiff; that the administrator had disposed of all the money and personal property in his hands belonging to the estate, there remaining, however, real property situated in Oklahoma City belonging to the estate, which, according to the inventory and appraisement, was valued at $3,000, and that at the time of the trial the property was worth about $4,000, and at the time the county court ordered real estate sold to pay debts the property was worth between $2,800 and $5,000.

The appellant complains of the action of the trial court in overruling demurrer of the United States Fidelity & Guaranty Company to plaintiff's petition. The petition states all of the necessary facts to fix liability against the United States Fidelity & Guaranty Company as surety, and the court did not err in refusing to sustain such demurrer.

The appellant urges error of the court in the admission of evidence. The case was tried before the court without a jury, and the evidence introduced consisted largely of the judgment against the administrator, the transcript filed in the county court, the bond of the surety company, the records and files of the county court in the administration proceedings, and oral testimony as to the refusal of the administrator to pay the judgment after being ordered by the county court to sell property for such purpose and as to the value of the real estate. There was no error of the trial court in the admission of evidence.

Under the proposition that the judgment of the trial court is contrary to law and not sustained by sufficient evidence, the appellant makes the contention that there is no evidence showing that the real estate in question was in possession of the administrator or belonged to the estate. From the files in the administration proceedings which were introduced in evidence it appears that in due time after the appointment of the administrator an inventory and appraisement of property of the estate, including the land hereinbefore mentioned, was returned and filed. The appraisement is signed and verified by the three appraisers which the evidence shows were duly appointed by the court, but for some reason, not explained by the evidence, the inventory was not signed by the administrator, but was signed and sworn to by Mary J. Wright. Otherwise the inventory on its face purports to be that of Oliver N. Clutter, administrator. No other inventory and appraisement was made and filed. Counsel for appellant suggested that, if the inventory introduced in evidence had been signed by the administrator, Clutter, it would have been prima facie evidence of the property being in his possession as an asset of the estate, but that, because of the fact that it is not signed by him, no such presumption should be indulged, and that there is no competent evidence of the property being in his hands as belonging to the estate; hence no showing of assets out of which he could have satisfied the claim. It does not appear that there was any motion or other attempt by the administrator to strike such inventory and appraisement from the files or any effort on his part to prepare an inventory and appraisement in due form nor is any evidence offered to the effect that the property mentioned was not taken into his possession or did not belong to the estate. He acquiesced in, and thereby adopted, the showing made in the inventory and appraisement filed by treating the property throughout the administration proceedings as being in his possession as property of the estate. The administrator should have signed and verified the inventory as required by law, but we do not understand how, under the facts in this case, he can urge a technical objection to the introduction of the same as evidence, and thus obtain an advantage in the trial of the case at bar because of his own neglect of duty. There was no issue joined as to the property in question not belonging to the estate, and no evidence offered for the purpose of showing that the inventory and appraisement was not properly a part of the files. The presumption is that the county court did its duty, and that the files were duly entered, and in each instance by proper authority. The fact that in July, 1915, the county court, on application of the plaintiff creditor, ordered that such property be sold to pay debts, and that the administrator, on the hearing of such application, made no claim that the property was not in his possession or did not belong to the estate, shows that the property was considered by the court and the administrator as an asset of the estate. But the record is not wanting in other evidence showing that the administrator, Clutter, is estopped to deny that the property belonged to the estate. On May 27, 1915, the administrator filed in the county court what purported to be a full and correct amended account of the administration of the estate up to May 25, 1915, in which reference is several times

made to the identical real estate in question, being that described in the inventory. One of such items is as follows: "Money from all other sources being rent for house No. 20 W. 7th St., Oklahoma City, Okla., $264.60." Also the following item: "Alexander & Upsher. Oklahoma City, fire and tornado insurance on house No. 20 W. 7th St., $6.30." Also item immediately following which reads: "Insurance same property, $6.30." The next item reads: "Insurance on same property, $6.30." We find another item of date January 24, 1915, as follows: "Repairs on house and premises No. 20 W. 7th St., $31.85." And still another item of date May 22, 1915: "Taxes on property 20 W. Seventh St., $226.52." There is no showing that the items credited and charged occur by inadvertence, ignorance. or mistake, and it is not shown that the property has been disposed of in the progress of administration. We think that the evidence conclusively establishes that the property was in the possession of the administrator as belonging to the estate. In fact, in the trial court it was not contended otherwise; the theory of the defendants being, according to the statement of their counsel, that "the proper practice would be for him (the plaintiff) to go to the county court and have this property sold."

We are met with the further contention made by the appellant that there must not only be assets of the estate sufficient to pay the claim, but that, before a suit will lie by a creditor against a surety on an administrator's bond, there must be a final settlement and accounting and a decree of the county court showing balance due. Counsel cite Pennington et al. v. Newman, 36 Okla. 594, 129 Pac. 697, calling our attention to the first paragraph of the syllabus in such case, which reads:

"Neither an administrator nor the sureties on his bond may be sued for a breach of his administrator's bond until there has been a settlement or final accounting in the (probate) county court, and a decree entered therein, showing a balance due, or some other breach of the conditions of the bond, and a failure on the part of the administrator to comply with the decree entered on the settlement or accounting."

The statement of law made in the quotation, if construed literally, would apply to any suit on an administrator's bond, whether by a creditor or by one interested in the distribution of the estate, but the paragraph in the syllabus must be considered in connection with the facts in the particular case at the time under consideration.

In that case the suit was brought by an heir of the deceased for his distributive share of the estate, not by a creditor, and the court in the body of the opinion quotes with approval from 18 Cyc. 1280, the correct rule, which is as follows:

"Before a creditor, legatee, or distributee can sue on an administration bond to enforce payment of his claim against the estate, the liability of the estate must be established. So a creditor cannot sue on the bond until his claim has been established by a judgment or has been ascertained and allowed by the probate court; nor can a distributee or residuary legatee sue on the bond until the amount for distribution and the persons entitled thereto have been ascertained by the probate court."

Unquestionably a creditor may not sue on an administrator's bond until his claim has been established by a judgment or has been ascertained and allowed by the probate court, but in the instant case the claim has been established by a judgment and the transcript filed in the county court as required by statute. Section 6350, Rev. Laws 1910, provides that a judgment against the administrator "establishes the claim in the same manner as if it had been allowed by the executor or administrator, and the judge of the county court." Said section further provides that "a certified transcript of the judgment must be filed in the county court." This was done.

In Johanson v. Eklund et al., 70 Minn. 140, 72 N. W. 965, the syllabus reads:

"An administratrix of a solvent estate had in her hands sufficient cash to pay an allowed claim against the estate, but refused to pay it, although more than two years had elapsed since such allowance, and the time fixed by the probate court for allowing claims had expired. Thereupon the probate court made an order permitting the claimant to bring suit against the administratrix and her bondsmen; they having refused to pay the claim on demand. Held, that it was not necessary that the probate court should order the claim paid before the right of action accrued to the claimant to bring such suit."

And in Conn. Mutual Life Insurance Co. v. Schurmeier, 117 Minn. 473, 136 N. W. 1, Ann. Cas. 1913D, 462, and 125 Minn. 368, 147 N. W. 246, the court says:

"It is further urged by appellants in effect that the complaint does not state a cause of action, because it does not allege a formal adjudication of plaintiff's claim and an order of the probate court directing the payment of the claim. The decree establishing the claim left nothing to the discretion of the probate court; for, were it

otherwise, the probate court could defeat or embarrass the enforcement of the decree. The plaintiff's claim, after the certified copy of the decree was filed in·the probate court, was in legal effect one duly allowed against the estate and ordered to be paid. * * * No order of the probate court for its payment was necessary. * * * If the allegations of the complaint are true, they show a default by the executors in the conditions of the bond, for which they and their surety are liable."

It was net the intention of the learned Commissioner who wrote the opinion in Pennington et al. v. Newman, supra, to hold otherwise than in accord with the authorities to which we have called attention. We hold that the action was not prematurely brought, and that no final settlement and order of the court was necessary to authorize the bringing of the action.

The further contention of the appellant that, the administrator's bond being for only $500, and the claim of plaintiff exceeding $600, the entire penalty of the bond would be exhausted and leave other claimants without protection, is not tenable. When a breach of duty arises on the part of the administrator for which a cause of action accrues against his bond, the person in whose favor such cause of action exists may bring suit on the bond for the amount of the damage, not exceeding, of course, the penalty named in the bond, irrespective of any other claims that may or may not exist on which suit has not been brought. In the instant case the report of the administrator shows that all other claims against the estate have been paid, but even without such a showing the courts would not postpone the plaintiff's right to sue merely because of speculation as to other breaches of duty on the part of the administrator. It is presumed that the court in which the administration proceedings are pending will require the administrator at all times to have a good and sufficient bond and to require such accounting from time to time as will protect creditors and others interested in the estate.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.