## SOMERVILLE v. SOMERVILLE.

No. 16881—Opinion Filed June 22, 1926.

1. **Partnership—Duty to Liquidate Partnership Upon Death of Partner and Account to Estate for Share.**

The surviving partner or partners, upon the death of a member of the partnership, are required to settle the affairs of the partnership without delay, and account to the executor or administrator for any funds due the estate of the deceased partner after the liquidation of the partnership.

2. **Same—Necessity for Appointment of Administrator.**

Record examined; held, to be insufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Maggie Somerville against W. R. Somerville to recover debt on note. The court sustained motion for judgment on pleadings in favor of the plaintiff, and defendant brings error. Reversed.

Eck E. Brook, for plaintiff in error.

D. P. deGraffenried and A. M. deGraffenried, for defendants in error.

Opinion by STEPHENSON, C. Maggie Somerville commenced her action for debt on a promissory note against W. R. Somerville. The petition alleged the execution and delivery of the note by W. R. Somerville to the plaintiff, and that the note was due and unpaid. W. R. Somerville filed his answer, wherein he set forth that W. R. Somerville, E. R. Somerville, and Rubin DeGraw composed a partnership which owned and operated a drilling outfit. The answer further alleged that E. R. Somerville died and left surviving his wife, Maggie Somerville, and Julian Somerville, a minor son, as his next of kin, and that no administrator had been appointed for the estate of the decedent. The answer further sets forth that the note was executed and delivered to Maggie Somerville for the purpose of liquidating the interest or claim of E. R. Somerville in the drilling outfit. The answer also sets forth that the defendant does not know whether the amount claimed by plaintiff should be paid to her, or whether it should be paid to the estate of E. R. Somerville.

The plaintiff filed a motion for judgment on the pleading, which was sustained by the court. The defendant has perfected his appeal, and assigns as error for reversal the action of the court in sustaining the motion for judgment.

Section 1201, C. O. S. 1921, points out the duties of the surviving partner or partners, upon the death of a member of the partnership. It is made the duty of the surviving partner, or partners, to settle the affairs of the partnership without delay, and account to the executor or administrator for any funds remaining in his hands, after the liquidation of the partnership, which represent the interest due the estate of the decedent. According to the answer of the defendant, he proceeded in the face of the statute to settle the claim of the decedent's estate with the wife, instead of making settlement with a personal representative of the estate. While the plaintiff in error has proceeded without the exercise of due care for the protection of the interest of the parties concerned in this matter, at the same time a reversal of this case cannot work injury to the rights of the defendants in error. The minor son would be entitled to one-half the proceeds going to the estate of the decedent, after the settlement of the partnership affairs. It will require but little time after this case goes back, for the appointment of an administrator. The administrator should be made a party plaintiff, and the judgment paid to him, so that the interest of all parties may be properly protected.

The judgment is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. pp. 621, 623. (2) 23 C. J. p. 998 §10.