## HUTSON et al. v. McCONNELL, Adm'r, et al.

No. 18412. Opinion Filed Oct. 23, 1928.

Rehearing Denied Nov. 5, 1929.

Wilson & Roe and Tom C. Greer, for plaintiffs in error.

J. O. Counts and Mounts & Chamberlin, for defendants in error.

MASON, V. C. J. This is a suit in equity to set aside conveyances of real estate and other property growing out of the relation of administratrix and heir.

H. S. Morrison died intestate on or about the 24th day of June, 1924, in the city of Frederick, Okla., and left surviving him as his sole heirs his granddaughter, Rosalee Hutson, plaintiff in error, plaintiff below, who was a resident of the state of Texas, and his wife, Mrs. H. S. Morrison, who was defendant in the trial court. At the time of his death, Morrison was seized and possessed of certain personal property and several tracts of land in both Oklahoma and Texas, a portion of which is the subject-matter of this action. Plaintiff and her husband, Ben Hutson, came to the home of her grandfather during his last illness, arriving just about the time of his death. A few days later, the plaintiff accompanied the defendant, who was her stepgrandmother, to the office of an attorney, where arrangements were made by the defendant to have said estate probated. Thereafter, numerous visits were made to said office by the defendant, on most of which visits she was accompanied by the plaintiff. A few days after the funeral, the plaintiff and her husband, accompanied by the defendant, made a trip to their home in Dallas county, Texas, using the automobile of the defendant, and after a short time returned to Frederick, where the plaintiffs made their home with the defendant. About this time, the plaintiffs and the defendant entered into an agreement whereby each executed conveyances transferring certain portions of said estate to the other. Thereafter, the defendant, who had previously been appointed administratrix of said estate, filed her final account and petition for distribution, wherein she designated and described all the property conveyed as above set forth, as belonging to the deceased, H. S. Morrison, and she prayed that said estate be distributed one-half to the plaintiff, Rosalee Hutson, and one-half to the defendant, "subject to any settlement and conveyances theretofore made by said heirs to each other." The county court entered its final decree allowing said final account and distributing said estate as prayed for.

Thereafter, in March, 1926, the plaintiff commenced this action to cancel said conveyances and to recover one-half of said estate. Defendant claimed to be the owner of all said property and contended that, although it stood in the name of H. S. Morrison at the time of his death, he was holding it in trust for the defendant. Plaintiffs, in their reply brief, pleaded the final decree of distribution of said estate by the county court, and further contended that the defendant was estopped to question such decree.

Upon trial of the issues thus formed, the court found that the plaintiffs' allegations of fraud were not supported by the evidence, and further found that all the property held in the name of H. S. Morrison at the time of his death belonged to the defendant, and judgment was rendered against the plaintiffs and in favor of the defendant, from which the plaintiffs appeal. The defendant has since died, and the cause has been revived in the name of J. E. McConnell, administrator of the estate of Mrs. H. S. Morrison, deceased, and Mrs. Mary Hite et al., heirs and devisees of Mrs. H. S. Morrison, deceased.

For reversal, it is first urged that the trial court erred in admitting, over plaintiffs' objection, evidence that all the estate which stood in the name of H. S. Morrison at the time of his death was the property of the defendants; it being contended that this constituted a collateral attack upon the judgment and decree of distribution of the county court. It is well settled that a decree of distribution made by the county court in probate, having jurisdiction of the settlement of an estate, on hearing, as provided by sections 1359-1362, C. O. S. 1921, distributing to the heirs at law their respective shares of the estate of the deceased, is conclusive as to the rights of the parties interested in the estate, unless reversed or modified on appeal, and such decree is not subject to collateral attack. Hogan v. Superior Court of Okmulgee County, 122 Okla. 295, 254 Pac. 966; Hilton v. Coyne, 103 Okla. 279, 229 Pac. 630; Teague v. Smith, 85 Okla. 12, 204 Pac. 439.

In the instant case, it also appears that the defendant, as administratrix of the estate, repeatedly filed pleadings in the county court describing and referring to all of said property as belonging to the estate of the deceased, H. S. Morrison, and that at no time did she ever question such ownership in the county court. Under such circumstances, and in the absence of fraud or mistake, she would be estopped from questioning such

242

ownership in a subsequent proceeding. We must conclude that the trial court erred in admitting such evidence.

It is next urged that the trial court erred in rendering judgment for the defendant in error. This assignment necessitates weighing the evidence. Although many authorities hold that transactions between administrator and heirs are void, yet it appears that a majority of the courts, including this court, hold that an administrator may purchase the interest of an heir in such estate where the heir is sui juris and laboring under no disability and where no undue influence is exerted and all circumstances of the transaction are fair and open and no advantages taken of such heir by concealment, misrepresentation, or omission to state any important fact. In such cases, however, the courts look upon such transactions with a jealous eye and will not uphold them unless it appears that such sales are fair and there is no fraud or concealment. Johnson v. Johnson, 85 Okla. 274, 206 Pac. 205; Collier v. Collier et al., 137 Ga. 658; 18 Cyc. p. 349; 12 R. C. L. 233-236; 11 R. C. L. 365.

The evidence of the plaintiffs, in substance, is that within a very short time after the death of H. S. Morrison, the defendant stated that she wanted the plaintiff and her husband to live with the defendant the rest of their lives and insisted that the plaintiff immediately abandon her home in Texas and move to the defendant's home in Frederick; that the defendant refused to permit the plaintiff to return to her home in Texas by herself, but insisted on returning with the plaintiff and kept the plaintiff under close surveillance while there and induced the plaintiff and her husband to dispose of their possessions in Texas and return to the home of the defendant in Frederick; that immediately after returning to Frederick, the defendant began insisting that the plaintiff, sell her interest in the estate to the defendant; that she told the plaintiff that it would make no difference what the plaintiff did, as the plaintiff would eventually get all the defendant's property; that the plaintiff accompanied the defendant to the office of an attorney who was representing the defendant as administratrix of said estate; that the plaintiff repeatedly asked said attorney as to what interest she had in said estate; that said attorney stated that he was unable to advise her, but would look it up and advise her later; that she never was advised as to her interest in said estate; that both the defendant and said attorney advised her that

it would be better to make settlement with the defendant, as otherwise the estate would be in the courts for a considerable period of time, and that even then the plaintiff might not receive any part of the estate; that the appraisers in said probate proceeding fixed the value of the estate at approximately $29,000. It also appears that the appraisers fixed the value of said estate at less than its actual value in order to save the heirs in the amount of inheritance tax to be paid. It also appears that the plaintiff was not familiar with the estate of the deceased; that the defendant represented that there was one oil well on one of the farms which only produced a very few dollars each month. The evidence discloses that there was another farm upon which there were eleven producing oil wells which paid the estate from $300 to $400 per month royalty; that the plaintiff had no knowledge of this fact and the defendant concealed said fact from the plaintiff; that shortly after the execution of the conveyances involved herein, the defendant listed one of said farms for sale at $65,000; that the remaining portion of the estate held by the defendant, after the execution of said conveyances, was worth several thousand dollars. It also appears that the portion of the estate conveyed to the plaintiff by the defendant was valued at approximately $6,000.

The trial court seems to have been of the opinion that, inasmuch as the parties were sui juris and there was a valuable consideration for such conveyances, the same should not be canceled. The court evidently overlooked the rules applicable to transactions between administrators and heirs.

The defendant and her attorney knew, or should have known, that the plaintiff owned a one-half interest in said estate and they should have so advised her instead of stating that the property she received under said conveyances was equal to approximately one-half or more of said estate and suggesting that she sign said conveyances.

From an examination of the entire record, we are forced to the conclusion that the plaintiff did not know what her interest was in said estate, nor the extent of the estate, or she would not have executed the conveyances to the defendant whereby she surrendered valuable property rights which the law guaranteed to her. The evidence herein discloses that the circumstances of such transaction were not fair and open, but, on the contrary, it supports the plaintiff's contention that she was misled by the concealment, misrepresentation, and omission on

the part of the defendant to state the full facts relative to said estate.

It might be contended that these conveyances were executed by the plaintiff and the defendant as a compromise or settlement of their rights with reference to said estate, but even such contention is not supported by the record. A compromise is an agreement between two or more parties who, to avoid a lawsuit, amicably settle their differences on such terms as they can agree on. It is essential to a compromise that there be mutual concessions or yielding of opposing claims. 12 O. J. 314. In the instant case, the defendant yielded nothing whatever, but merely conveyed to the plaintiff a portion of the property which, under the law, she, as administratrix, was bound to convey to the plaintiff, but the plaintiff surrendered valuable property rights to the defendant. For the same reason, the conveyances of the plaintiff must be held to be void for want of consideration.

The judgment of the trial court is contrary to the clear weight of the evidence, and the same is reversed and the case is remanded, with directions to render judgment for the plaintiff, canceling said conveyances and for one-half interest in said estate and for an accounting as prayed for in the plaintiff's petition.

BRANSON, C. J., and LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 24 C. J. p. 528, §1400; p. 532, §1404. (2) 21 C. J. p. 1232, §235. (3) 24 C. J. p. 198, §704; anno. L. R. A. 1918B, p. 7; 11 R. C. L. p. 358; 2 R. C. L. Supp. p. 1238. (4) 4 C. J. p. 903, §2871; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73. (5) 24 C. J. 518, §1379.