**JEFFRESS et al. v. HICKS et al.**

No. 21267. Opinion Filed March 29, 1932. Rehearing Denied April 26, 1932.

McKeown & Green, for plaintiffs in error.

L. H. Harrell and Robt. S. Kerr, for defendants in error.

CULLISON, J. Plaintiff instituted suit in the district court seeking to recover one-half of the property held in the name of her deceased husband, George W. Hicks, on the theory that a partnership existed between said husband and wife.

The record discloses that George Hicks, deceased, was married prior to his marriage to this plaintiff, and that to the first marriage were born two children. Thereafter, plaintiff and George W. Hicks were married on or about January 1, 1896, and lived together as husband and wife until the death of said George W. Hicks on February 5, 1925. The record further discloses that plaintiff had a small amount of money when she married, but that her husband had no money. That they entered into the business of manufacturing cheese and remained in said business for some six years, during which time both parties worked at the cheese manufacturing business.

They sold their cheese factory for a profit of $8,000 with which amount of money they moved to Roff, Okla., where they engaged in business for a short time, and then devoted all of their time to the real estate business up to the date of George W. Hicks' death.

George W. Hicks executed a will, and upon his death said will was admitted to probate in the county court of Pontotoc county. The executor appointed in said will took charge of the assets of the estate and concluded the administration thereon. All of the property in controversy was carried in the name of George W. Hicks and was inventoried in said estate. The widow was granted a family allowance in said estate.

According to the terms of said will, the widow was to receive one-third of all of deceased's property, substantial bequests were made to deceased's two daughters, and the balance of the estate was bequeathed to Lena Jeffress, a girl who had been raised by Hicks and wife.

When the executor filed his final report and petition to distribute the property in accordance with the terms and conditions of the will, Mrs. Hicks filed a petition praying that said property be distributed to her because the same was property accumulated by their joint industry. An agreed statement of facts was entered into and filed before the county court, in lieu of introducing evidence upon the hearing of the final report and the petitions filed thereto. And in said agreed statement of facts it was stated:

"That all of the property owned by George W. Hicks at the time of his death and now in question, was acquired during his married life with the said Eva H. Hicks and was the result of their joint industry during their married life."

Said matter was heard by the county court and an order made approving the final report of the executor and distributing the estate in accordance with the terms and conditions of the will. From said decision of the county court, Eva Hicks, this plaintiff, appealed to the district court in said probate matter. Shortly after appealing said probate cause to the district court, plaintiff filed the case at bar in the district court, wherein she alleged that a partnership existed between herself and her deceased husband. That said partnership began when they were married and was continued up to the date of his death, and that as a result of said partnership one-half of all the property held in the name of George W. Hicks was her individual property.

Plaintiff also presented a second and third cause of action in her petition, but dismissed the same upon trial.

Lena Maxey, nee Jeffress, and her husband, as defendants in said cause, questioned the jurisdiction of the district court and the right of plaintiff to maintain this action by demurrer, motion to strike, and by answer, wherein they pleaded the probate proceedings in the estate of George W. Hicks, deceased, as a bar to plaintiff's right to recover.

Said cause was tried to a jury, to which jury the court submitted certain interrogatories for the jury to answer in advising the court. The jury answered said interrogatories favorably to plaintiff, and the court rendered judgment thereon holding that there was a partnership in existence between plaintiff and her deceased husband, George W. Hicks, and that one-half of all said property held in the name of said George W. Hicks was the property of plaintiff.

The court then ordered that the partnership affairs should be settled in the county court of Pontotoc county, Okla., as between the surviving partner, Eva H. Hicks, and the executor of the will as provided by section 1201, C. O. S. 1921. The defendant Lena

Maxey, nee Jeffress, appeals from said order and judgment of the district court.

Defendant presents as error that the verdict and judgment of the trial court is contrary to the law and evidence, and that the court committed error in its rulings on questions of law.

We observe that the basis of plaintiff's cause of action is to establish that a partnership existed between plaintiff and her deceased husband, and in our consideration of said cause we should bear in mind that the estate of the deceased husband was probated in the county court of Pontotoc county, Okla., and final decree made therein, and said matter appealed to the district court, where said cause was a valid and existing cause of action at the time this case was tried. We also observe that plaintiff did not at any time during the probate of her deceased husband's estate attempt to comply with the probate law relative to partnership, to wit, section 1201, C. O. S. 1921, which said section is as follows:

"1201. Proceedings Where Decedent Was a Partner: When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner shall immediately, in company with the executor or administrator, or some other person or persons, to be appointed by the judge of the county court, take and furnish to said executor or administrator a correct and full inventory, and a fair and just appraisement, of all partnership property and assets held and belonging to himself and the deceased partner, after which the surviving partner shall settle the business of the copartnership. The surviving partner shall settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as may from time to time be payable to such executor or administrator in the right of the decedent. Upon the application of the executor or administrator, the judge of the county court shall in all cases require the surviving partner to give a good and sufficient bond, to be approved by the judge of the county court, for the honest and faithful disposal of the interest of the decedent in the copartnership, and the prompt payment of the proceeds thereof over to the executor or administrator, and in case of neglect or refusal may, after notice, compel it by attachment; and the executor or administrator may maintain against him any action which the decedent could have maintained."

Under the provisions of said section just quoted, where one member of a partnership dies, the surviving partner should immediately proceed to close up the business of said partnership in company with the personal representative of said deceased partner. Said section makes adequate provision for carrying out the work of determining the amount of interest said deceased had in said partnership, should the same exist.

But in the instant case plaintiff never attempted to comply with said section of the statute, and at no time suggested to the executor of said estate that she and her deceased husband were partners and that one-half of said property was her individual property as a member of said partnership and not assets in said estate.

The record further discloses that the executor of the estate of George W. Hicks, deceased, took charge and control of all the assets in the name of George W. Hicks, deceased, and administered the same through the probate court as such. That when he filed his final report in said probate matter, this plaintiff, as the surviving widow of the deceased, filed a petition in said cause praying for the distribution of the said property to herself as property accumulated by their joint industry, and that under the second subdivision of section 11301, C. O. S. 1921, she inherited, and is entitled to all of said estate.

The validity of the will in said estate matter appears to have never been questioned.

We further observe that plaintiff and defendant filed an agreed statement of facts in the probate matter, in which it was agreed "that all of the property owned by George W. Hicks at the time of his death, and now in question, was acquired during his married life with the said Eva H. Hicks and as a result of their joint industry during their married life."

Defendant contends that, since the property was the property of George W. Hicks, accumulated during coverture with plaintiff, and the said deceased had disposed of the property by will probated in the county court, plaintiff cannot now litigate said matter in a new and separate cause of action in the district court as to whether said partnership existed and as to the title of said property.

This court, in the recent case of Hutson v. McConnell, 139 Okla. 240, 281 P. 760, has passed upon the question under consideration. In said opinion, this court held:

"A decree of distribution made by the county court in probate, having jurisdiction of the settlement of an estate, on a hearing, as provided in sections 1359-1362, C. O. S. 1921, distributing to the heirs at law their respective shares of the estate of the de-

ceased, is conclusive as to the rights of the parties interested in the estate unless reversed or modified on appeal, and such a decree is not subject to collateral attack."

In the body of said opinion, this court further said:

"For reversal, it is first urged that the trial court erred in admitting, over plaintiff's objection, evidence that all the estate which stood in the name of H. S. Morrison at the time of his death was the property of the defendant. it being contended that this constituted a collateral attack upon the judgment and decree of distribution of the county court. It is well settled that a decree of distribution made by the county court in probate, having jurisdiction of the settlement of an estate, on a hearing, as provided by sections 1359-1362, C. O. S. 1921, distributing to the heirs at law their respective shares of the estate of the deceased, is conclusive as to the rights of the parties interested in the estate, unless reversed or modified on appeal, and such decree is not subject to collateral attack. Hogan v. Superior Court of Okmulgee County, 122 Okla. 295, 254 P. 966; Hilton v. Coyne, 103 Okla. 279, 229 P. 630; Teague v. Smith, 85 Okla. 12, 204 P. 439.

"In the instant case, it also appears that the defendant, as administratrix of the estate, repeatedly filed pleadings in the county court describing and referring to all of said property as belonging to the estate of the deceased, H. S. Morrison, and that at no time did she ever question such ownership in the county court. Under such circumstances, and in the absence of fraud or mistake, she would be estopped from questioning such ownership in a subsequent proceeding. We must conclude that the trial court erred in admitting such evidence."

In the case just cited, the rule was announced that a decree of distribution by the county court, distributing to the heirs at law their shares of an estate, is conclusive as to the rights of the parties interested in the estate unless modified on appeal, and is not subject to a collateral attack. The court further held that where a person files pleadings in the county court and makes reference to the property of the estate as being the property of deceased, under such circumstances, in the absence of fraud or mistake, said person would be estopped from questioning such ownership in a subsequent proceeding.

In applying the rules just announced to the case at bar, we find that plaintiff filed pleadings in the probate matter and also an agreed statement of facts, wherein it was stated that the property was the property of George W. Hicks, deceased, acquired by their joint industry. Since plaintiff has admitted in the probate court that the property in question was the property of George W. Hicks, deceased, plaintiff would be estopped to now claim that the property in question was partnership property and that one-half thereof belonged to this plaintiff as her part of the partnership property. She never made any such claim in the probate proceeding under the section provided for making said claim, and since she did not make said claim in the probate proceeding, it is too late to raise it in an independent cause after the title to said property has been adjudicated in the probate court.

Under the law as announced herein, it will be unnecessary to consider the other assignment of error relative to the evidence in said cause. After careful consideration of said cause, we hold that the judgment of the trial court should be reversed.

LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., concurs in conclusion. CLARK, V. C. J., and RILEY, J., absent.