HARRISON et al. v. EAVES.

No. 30629. Oct. 13, 1942.

Rehearing Denied Nov. 17, 1942.

*130 P. 2d 841.*

H. A. Ledbetter and Sigler & Jackson, all of Ardmore, for plaintiffs in error.

Stephen A. George and John C. Caldwell, both of Ardmore, for defendant in error.

PER CURIAM. This action was instituted on March 23, 1940, in the district court of Carter county by J. J. Eaves, hereinafter referred to as plaintiff, against Christine Harrison, nee Rickets, Cheryl Drummond, J. B. Rickets, and Don Rickets, hereinafter referred to as defendants, the sole heirs at law of B. C. Rickets, deceased, to reform and enforce an express trust of which said B. C. Rickets at the date of his death was sole trustee.

Plaintiff in his petition alleged, in substance, that he was the owner of an undivided one-third interest in 70 acres of land situate in section 2, township 3 S., range 3 W., in Carter county, which land had been purchased from one Adam Yota on December 11, 1913, and title to which had been taken in the name of B. C. Rickets as trustee and which transaction had been evidenced by written trust agreement executed by the parties in interest on January 11, 1916, copy of which was made a part of the petition; that due to error of the scrivener who had prepared the written trust agreement, the range in which said land was situate was erroneously recited as being 2 W. when it should have been 3 W.; that the parties interested in said land never owned any land in range 2 W., but at all times since December 11, 1913, had owned the land described in the trust agreement and which was situate in range 3 W.; that plaintiff did not discover the typographical error in said instrument until after the death of the said B. C. Rickets, which occurred on January 30, 1937; that in his lifetime said B. C. Rickets had recognized and faithfully performed the duties of his trust with respect to the land which the parties actually owned in range 3 W., and had never given the plaintiff any cause to take any action with respect to the trust during said time; that after the death of said B. C. Rickets his estate was duly probated in the county court of Carter county, Okla., the court having jurisdiction thereof, and in a decree of distribution entered by said court the lands so held in trust and in which plaintiff was a one-third owner as well as the lands which belonged to the estate of B. C. Rickets were distributed to the defendants, who took and held the same as trustees insofar as plaintiff's interest in the 70 acres of land involved was concerned; that defendants had refused to recognize their obligation as such trustees, wherefore the plaintiff prayed reformation of the instrument and enforcement of the trust and other general relief. The defendants answered with a general denial and plea to the jurisdiction of the court and a plea of res adjudicata based upon the decree of distribution which had been entered in the estate of B. C. Rickets, deceased. Reply was a general denial.

The action being one of purely equitable cognizance, it was tried to the court. Objections to the competency of the plaintiff to testify to the transaction which he had had with B. C. Rickets in his lifetime were sustained. The competent evidence adduced, while in conflict in some respects, established, substan-

tially, the claim of the plaintiff that the error in the range appearing in the trust agreement which had been executed on January 11, 1916, was a typographical one, and that the parties had never owned any lands in said range but had owned the 70 acres described in range 3 W., and that the title thereto had never vested in B. C. Rickets individually, but had at all times been held by him as trustee under the terms of the written trust and for the benefit of the parties interested therein, including the plaintiff, and that during his lifetime said B. C. Rickets had recognized and performed the trust with respect to the lands in range 3 W., and had never repudiated such trust nor given plaintiff any cause to believe that he was asserting any adverse claim to the property involved, and that no attempt to repudiate the trust was made until shortly before his death. The evidence further showed that someone had recognized that B. C. Rickets was not the owner of the entire estate in the lands involved when the inventory of his estate was filed. The defendants denied having authorized such statement in the inventory. Upon the issues substantially as above narrated the trial court made written findings of fact in effect as stated above.

The court concluded as a matter of law that the title of B. C. Rickets to the lands involved had been that of trustee only, and that the typographical error in the trust agreement should be reformed so as to recite the correct range, and that the defendants should be held to be trustees of the undivided one-third interest in the lands involved for the benefit of plaintiff. Judgment followed the findings of fact so made and the conclusions so drawn.

As grounds for reversal of the judgment the defendants contend, in substance, that the failure of plaintiff to follow the procedure required by 58 O. S. 1941 §§ 501-506 (in cases where a party bound by contract to convey real estate dies) deprived the district court of jurisdiction to entertain this action; (2) that the decree of distribution entered in the estate of B. C. Rickets, deceased, was res adjudicata of any claim which plaintiff may have had in and to the lands involved; (3) that the action for reformation was barred by limitations and laches, and that the findings of fact and judgment are against the clear weight of the evidence.

The first contention advanced is predicated upon the assumption that the action of plaintiff was one for specific performance of a contract to convey real estate, and therefore one in which the procedure outlined in 58 O. S. 1941 §§ 501-506 had to be first followed before the jurisdiction of the district court could be invoked. If the action here involved were one of such a nature, then there would be much merit in this contention. See Esch v. Callaway, 123 Okla. 38, 251 P. 1028; Cone v. Blair, 125 Okla. 270, 257 P. 782. The action of plaintiff, however, was not one for specific performance of a contract to convey real estate, but rather one to reform an instrument and to enforce a trust in real property, both of which were remedies peculiarly within the jurisdiction of courts possessing general equity powers. The court which had jurisdiction of the estate of B. C. Rickets, deceased, had no jurisdiction of the property which he held as trustee nor of the trust itself. See Estate of Vance, 141 Cal. 323; In re Sharp's Estate, 17 Cal. A. 634, 120 P. 1079. The trial court correctly held that it had jurisdiction.

The defendants next contend that, since the proceeding in probate is one in rem which is conclusive upon all the world and which binds all persons interested in the estate of decedent by the decree of distribution entered in such proceeding, therefore the plaintiff was so bound, and that such decree became res adjudicata of any claim which he may have had in and to any of the land involved. In support of such contention we are cited to National Exploration Co. v. Robins, 140 Okla. 260, 283 P. 236, and a number of other decisions from this and other jurisdictions which are authority for the general rule that in those cases where property belonging to an estate has been distributed, all persons interested in claiming an in-

terest in the estate are conclusively bound by such decree. An examination of the cited case will reveal that it has no application to a situation where property has been included in the decree and to which the decedent never had any title. It is too elemental to require citation of authority that probate courts never acquire jurisdiction of property which a decedent never had, or in which title or possession was fiduciary only. The owner of such property is not required to nor would he be permitted to litigate his title to such property in the probate court. See In re Thurnell's Estate (Cal. App.) 19 P. 2d 14; American Surety Co. of New York v. Wilson, 172 Okla. 107, 44 P. 2d 35. The plea of res adjudicata was properly denied.

It is finally contended that the claim to reformation was barred either by limitations or laches, and that the findings and judgment of the trial court are against the clear weight of the evidence adduced. The claim of limitations and laches rests upon the fact that there was some evidence to show that plaintiff knew or should have known of the typographical error with respect to the range number given in the trust agreement. While it is not clear just when this first came to the attention of the plaintiff, the evidence shows that all parties interested in the trust had proceeded on the presumption that the agreement correctly set forth the property involved, and that the trustee had at all times dealt with the lands in range 3 W., and had faithfully performed the duties of his trust and had never repudiated the same. Under these circumstances, even though plaintiff knew or was charged with knowledge of the typographical error in the instrument, no statute of limitations would begin to run thereon so long as the trust was being recognized and performed in accordance with its intent and purpose; nor was there any laches shown. As said in Cassidy v. Gould, 86 Okla. 217, 208 P. 780:

"The question of whether a claim is barred by laches must be determined by the facts and circumstances in each case and according to right and justice. Laches in legal significance is not mere delay, but delay that works a disadvantage to another."

See, also, Phelan v. Roberts, 182 Okla. 202, 77 P. 2d 9.

The action being one of purely equitable cognizance, the findings of fact made by the trial court are to be accorded great consideration (Moorman v. Pettit, 119 Okla. 22, 248 P. 838); and the judgment based on such findings should not be reversed unless it is against the clear weight of the evidence. Deister v. Higdon, 189 Okla. 605, 119 P. 2d 54; Cordilla v. Taylor, 181 Okla. 20, 72 P. 2d 375. As pointed out above, the competent evidence adduced at the trial, while in conflict in some respects, was sufficient to support the claim of the plaintiff to the relief which he was seeking and which was granted by the court. It is not essential to the validity of a judgment in equity that it rest entirely upon uncontradicted evidence, nor is it fatal to such judgment that a different conclusion might have been reached upon all of the evidence involved. Johnson v. Rowe, 185 Okla. 60, 89 P. 2d 955.

We have reviewed the entire record in this case and are unable to say therefrom that the findings and judgment of the trial court are against the clear weight of the evidence. On the contrary, we are of the opinion that they are supported by the greater weight thereof. Such being the case, the judgment of the court below will not be disturbed.

Judgment affirmed.

RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and CORN, V. C. J., absent.