SWARTZ et al. v. DENNIS et al.

No. 34450.   Dec. 9, 1952.

Rehearing Denied Feb. 3, 1953.

Application for Leave to File Second Petition for Rehearing Denied April 21, 1953.

*255 P. 2d 923.*

Haskell Paul, Pauls Valley, and Chas. L. Orr, Oklahoma City, for plaintiff in error.

Otey, Johnson & Evans, Ardmore, for defendant in error R. A. Lathrop.

Gilliland, Ogden, Withington, Shirk & Vaught, Oklahoma City, for remaining defendants in error.

PER CURIAM. Action brought by widow of J. M. Dennis to quiet title to real estate in Garvin county, alleged to have been taken in name of Joe Lathrop, now deceased, for the benefit of partnership composed of Joe Lathrop, J. M. Dennis and R. A. Lathrop. R. A. Lathrop is still living. Defendants, including R. A. Lathrop, were heirs of Joe Lathrop. R. A. Lathrop filed crosspetition, also alleging the partnership and claiming an undivided 1/3 interest in partnership lands in addition to his 1/5 interest as heir of Joe Lathrop. Parties agreed to fully determine and distribute alleged partnership assets, except for one tract in litigation elsewhere.

The court made findings of fact as follows:

Partnership was formed in February, 1922, to deal in mineral interests and the oil and gas business. Joe Lathrop was single, and, for convenience, much property was taken in his name but was purchased with partnership funds and held in trust for remaining partners. Joe Lathrop died in 1934 and had, in his name, varying interests in 18 tracts in various counties. R. A. Lathrop was appointed administrator of the estate of Joe Lathrop, and listed some of these tracts in the inventory of the estate, without reference to the claimed partnership. The partnership had financial reverses about 1928 and J. M. Dennis and R. A. Lathrop ceased to devote

their time to its operations. The firm's office was closed in 1929.

In 1940, J. M. Dennis filed an affidavit in Kay county asserting ownership of certain property, which resulted in R. A. Lathrop filing criminal charges against Dennis as well as a suit to determine ownership of the Kay county property. These disputes were the objects of conversations between attorneys for the various parties at different times. The court found that the estate of J. M. Dennis owes the estate of Joe Lathrop $940.31 after taking into account the various claims and counterclaims between the parties. Neither R. A. Lathrop nor J. M. Dennis filed any claim in administration proceedings of the estate of Joe Lathrop, deceased. Joe Lathrop's sole heir was his mother, Jennie Lathrop, who died in 1945, leaving as her sole heirs the defendants. Jennie Lathrop took possession of the estate and it has remained since her death in the possession of her heirs. R. A. Lathrop, in 1940, quitclaimed the property listed in the inventory as part of the Joe Lathrop's estate to his mother, Mrs. Jennie Lathrop, the consideration being a deed to R. A. Lathrop conveying the Joe Lathrop home in Ardmore. R. A. Lathrop contends that the quitclaim deed was executed on his part by mistake and fraud.

This action was tried more than 18 years after the partnership closed its office and more than 14 years after the death of Joe Lathrop. The court found that the interests of Joe Lathrop in 8 numbered tracts belonged to the partnership and should be divided 1/3 to R. A. Lathrop, 1/3 to the heirs of J. M. Dennis and 1/3 to the heirs of Joe Lathrop.

The parties will be referred to in this opinion by their respective designations in the original action. When defendant R. A. Lathrop is referred to, such reference will be by name. Remaining defendants will be referred to as "defendants."

Defendants' first proposition is that plaintiff, as an heir and assignee of other heirs, could not maintain the action.

The estate of J. M. Dennis was not administered and defendants claim that only a personal representative can bring an action against a decedent's partners for an accounting.

"A thing in action, arising out of the violation of a right of property, or out of an obligation, may be transferred by the owner. Upon the death of the owner, it passes to his personal representatives, * * *." 60 Okla. St. Ann. 313.

"Every action must be prosecuted in the name of the real party in interest * * *." 12 Okla. St. Ann. 221.

"Ordinarily, the widow and legatees of a deceased partner cannot act directly against the surviving partners, but must compel the executor or administrator to act for them." 40 Am. Jr. 342.

In Somerville v. Somerville, 118 Okla. 259, 247 P. 389, defendant partner settled a claim of a deceased partner by giving a note to the latter's widow. When sued upon the note the surviving partner defended on ground that only the deceased partner's personal representative could enter into settlement of the decedent's partnership affairs. This view was sustained by this court.

In Lyons v. Lyons, 182 Okla. 113, 76 P. 2d 892, the court considered an identical question, and after citing the pertinent statutes and the case of Somerville v. Somerville, supra, this court stated:

"We are of the opinion that this action for an accounting and to establish a trust in the business and the personal properties described in the petition must be prosecuted by the administrator of Sadie Lyons' estate."

Plaintiffs cite the case of Stallings v. White, 194 Okla. 649, 153 P. 2d 813, but the question of the capacity of plaintiffs to sue does not appear to have been raised therein.

This being an action for accounting, the proof might have sustained a find-

ing against J. M. Dennis that he was indebted to the partnership, but judgment could not be rendered against his heirs. Judgment could only have been rendered against his personal representative.

We must conclude that plaintiff was not the proper party to bring the action.

Defendants' propositions 2 and 3 should be stated and considered together.

"The death of Joe Lathrop dissolved and terminated the alleged partnership and it was the duty of the survivors to promptly inventory, liquidate and settle the firm's affairs. The surviving partners by failing, refusing and neglecting to settle the partnership affairs waived and abandoned the right."

Under these propositions, defendants argue that R. A. Lathrop's inclusion of items of property, here in controversy, in his inventory as administrator of Joe Lathrop's estate constitutes an estoppel by R. A. Lathrop so as to preclude his present claim that they were partnership property. Defendants also argue that R. A. Lathrop and plaintiff's decedent were estopped by sitting idly by while these properties were administered and distributed, J. M. Dennis being then alive and along with R. A. Lathrop residing in Carter county where the estate was administered.

Defendants and R. A. Lathrop contended that the partnership was a trust and that the probate court had no jurisdiction over this property, and that its decree had no effect on their rights. They cite Harrison v. Eaves, 191 Okla. 453, 130 P. 2d 841, to show that the probate court's decree was not conclusive of their rights. The court there held that a probate decree of distribution did not preclude beneficiaries from later establishing a trust in their favor by action in equity. The court's holding was well summarized in syllabus 3:

"Where decedent held real property in trust, probate court had no jurisdiction over trust or trust property which were within equity jurisdiction of district court."

However, we cannot agree that the case last above-cited is determinative herein. Joe Lathrop held title in his own name without qualifications. The partnership's name did not appear in the conveyance nor was Joe Lathrop referred to therein as trustee. The decedent in Harrison v. Eaves, supra, held under a trust instrument and the probate court sought to distribute property to which decedent did not hold title in his own right and name.

Defendants cite Holmes v. Patterson, 91 Okla. 163, 215 P. 1071, in which this court held that a creditor could not wait until the deceased's administrator had notified creditors and closed and distributed the estate, and then have a new administrator appointed against whom the claim could be established. The court said:

"* * * a final decree * * * is also conclusive of all those matters that the claimant ought to have presented for administration in the exercise of the usual care shown by the ordinarily prudent business man for the preservation of his property rights." Young v. Byrd, 124 Mo. 490, 28 S. W. 83; Shelby v. Creighton, 65 Neb. 485, 91 N. W. 369.'"

The case last cited is not determinative for the reason that a purely equitable cause of action in which equitable relief is sought does not constitute a claim which must be presented to personal representatives. Brooks v. Yarbrough (10 Cir.) 37 F. 2d 527. However, the language of the Oklahoma court last cited is pursuasive when we consider defendants' claim that plaintiff and R. A. Lathrop were estopped.

Even more persuasive is this court's opinion in Hutson v. McConnell, 139 Okla. 240, 281 P. 760. There the decedent died intestate leaving his granddaughter, Hutson and his wife, Morrison. Morrison was executrix and filed petition to distribute estate to herself and Hutson in equal shares, subject to certain conveyance from Hutson to

her, Morrison. Hutson later filed action to set aside these conveyances, whereupon Morrison alleged in her answer that the property did not belong to deceased at all, but that deceased held as trustee for defendant Morrison. This court held that Morrison was estopped by questioning her deceased husband's ownership by her allegations in the probate court inconsistent with her latter claim.

In United States Fidelity & Guaranty Co. v. Clutter, 74 Okla. 254, 179 P. 754, this court held that an administrator was estopped to deny that he came into possession of property as belonging to the estate, when such property had been listed in the inventory of the estate.

In Jeffress v. Hicks, 156 Okla. 291, 10 P. 2d 419, this court held:

"1. Where the husband dies and his estate is probated in the county court, and where the wife files instruments in said probate matter admitting that all the property in controversy was property accumulated by their joint industry, but makes no claim that said property was partnership property, the county court in probate acquires jurisdiction to decree distribution of all of said property.

"2. Under the circumstances as enumerated in paragraph 1 of this syllabus, the wife would be estopped to later file a suit in the district court claiming that the property held in the name of her husband was partnership property, when the county court in probate had jurisdiction of said property under the pleadings of the interested parties."

In McCleary v. Brown, 190 Okla. 19, 119 P. 2d 830, this court held:

"2. Surviving partner by his conduct may waive right to question validity of sale of his part of partnership property by personal representative of deceased partner and estop himself to recover in action for accounting more than his proportion of sale price."

In the McCleary case the court's holding only applied to alleged loss through improper sale, but the court pointed out our statutes for closing partnership on death of partner and said:

"By permitting defendant to take possession of and sell the partnership property, without asserting his rights as surviving partner, he waived his rights as surviving partner. or estopped himself from asserting such rights."

The authority of Hutson v. McConnell, supra, United States Fidelity & Guaranty Co. v. Clutter, supra; Jeffress v. Hicks, supra; Hutson v. McConnell, supra, impel us to hold in the instant case that R. A. Lathrop is estopped from asserting title in 1946 to property which he listed in 1934 as being owned by Joe Lathrop, and which he joined other heirs in quitclaiming to his mother in 1940. While J. M. Dennis by sitting by and permitting the property to go through the procedures involved in the estate of Joe Lathrop indicated abandonment and estoppel on his part, it is not necessary to so hold in view of our holdings that the plaintiff was not proper party to this action.

R. A. Lathrop and plaintiff seek to avoid this holding by their claim that R. A. Lathrop did in fact make claim for the partnership of the tracts involved herein. But this testimony, if true, only shows that they made statements to that effect and took no legal action.

This property was in the name of the partner who died first. His heir was an aged woman who could not be presumed to know about the complex affairs of an active trader in oil and gas interest. Had the situation been reversed and the partner in whose name the property did not stand died first and had the surviving partners kept the property, then the heirs of the deceased partner would not have known of the ownership and would hardly have been estopped to assert title.

Under this proposition 4, defendants next contend that the lapse of time, the

death of parties and witnesses, and the loss of evidence rendered it next to impossible for the court to do justice, and precluded relief.

By this proposition defendants raise the issue that plaintiff and R. A. Lathrop were guilty of laches. The latter parties answer that laches does not apply unless the failure to assert rights results in disadvantage to the opposing party and point out that defendants were not innocent purchasers and took only what interest their ancestor had in the property and therefore would not be damaged should plaintiff and R. A. Lathrop prevail. Plaintiff and Lathrop also argue that defendants and their mother were responsible for the delay in commencing litigation.

The latter arguments are hardly plausible. Defendants had legal title which was not contested of record, except in Kay county, and then only by an affidavit from one not in the chain of title, and they were not under any compulsion, and we cannot see that they were under any duty to commence legal proceedings to determine these matters.

The partnership closed its office and ceased business in 1928 with these properties in the name of Joe Lathrop. Joe died in 1934. Dennis died in 1942. This action was not brought until 1946 when two of the partners were dead. Many of the records were missing. The exhibits at the trial, while voluminous, were fragmentary.. Banks patronized by the partnership had gone out of business. Lawyers involved in the firm's transactions and in the estates of the decedents had died.

It is well settled that "equity aids the vigilant, not those who slumber on their rights."

"Nothing can call equity into activity but conscience, good faith and diligence." Luschen v. Stanton, 192 Okla. 454, 137 P. 2d 567.

There is a sound reason for the rule that equity will deny stale claims. In 30 C.J.S. at page 521, the reason is stated:

"A stale demand or claim in its proper sense is one that has for a long time remained unasserted; one that is first asserted after an unexplained delay of such great length as to render it difficult or impossible for the Court to ascertain the truth of the matters in controversy and do justice between the parties, or as to create a presumption against the existence or validity of the claim, or a presumption that it has been abandoned or satisfied."

And at page 524:

"The doctrine of laches has existed since the beginning of equity jurisdiction. Its existence is independent of statutes of limitation. The doctrine of laches is based on the injustice that might result from the enforcement of long neglected rights, the difficulty, if not the impossibilty, of ascertaining the truth of the matters in controversy and doing justice between the parties and on grounds of public policy, its aim being the discouragement for the peace and repose of society, of stale and antiquated demands."

In Dardenne v. Daniels, 176 Okla. 557, 56 P. 2d 793, this court held:

"2. Where, from delay, the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties or witnesses, as to render it difficult to do justice, the doctrine of laches is applicable, and the plaintiff may by his lapse be precluded from relief even though he may have been entitled thereto in the beginning."

The trial court's finding of fact No. 14, upon which the judgment was based, is as follows:

"From the evidence and the books and records produced, it is difficult for the court to ascertain just what property is now owned by the partnership and the status thereof."

In the trial court's finding of fact Nos. 26 and 27, the judge found that parties were dead and some of the correspondence had been destroyed making determination of the issues difficult, but says that he has been able to ferret out all the essential facts and that

these difficulties have not resulted in prejudice to the parties. The trial judge did display great patience and diligence, but we do not see how he could tell whether prejudice had resulted by the loss of papers and correspondence and absence of witnesses through death, or how he could ferret out matters from these missing papers or from absent witnesses. Plaintiff and R. A. Lathrop could have brought this action before Joe Lathrop died, and the former parties had the papers after his death and before the correspondence was lost.

We think the inability to prove pertinent facts due to plaintiff's waiting many years is as real detriment as shown in order to bring laches into operation.

Laches has been sustained where only one and a half years intervened, Davis v. Godwin-Barclay Co., 120 Okla. 274, 251 P. 1042, and where two years elapsed, Brown v. Privett, 109 Okla. 1, 234 P. 577. The fluctuating character of oil and gas properties particularly require that people claiming interests therein assert them promptly and take their part of the risk, rather than decide to come in if and when the property has become valuable; Twin Lick Oil Co., v. Marbury, 91 U.S. 592, 23 L. Ed. 328; Washington v. Morton, 90 Okla. 142, 216 P. 457; Nickel v. Janda, 115 Okla. 207, 242 P. 264, and Parker v. Ryan, 143 Okla. 187, 287 P. 1006.

We hold that plaintiff and R. A. Lathrop are barred by laches from prosecution of the instant action.

Defendants' Proposition 5 is the claim that it was impossible from the incomplete and inaccurate records to settle the accounts of the parties.

This proposition is discussed and settled in our disposition of the claim of laches, as is Proposition 6, which alleges insufficiency of evidence to establish the property acquired by the partnership and the status thereof, with which conclusion we must agree.

Defendants' Proposition 7 and 8 have to do with the competence of a land

book introduced by plaintiff and admitted and considered by the court as a book of account, and certain other evidence at the trial. In view of other holdings herein it is not necessary to discuss this proposition.

Defendants' Proposition 9 is entitled to full discussion. It is "The action was barred by limitations." If the partnership was not dissolved by mutual consent of the parties when they cease to do business together, it was certainly dissolved by the death of Joe Lathrop twelve years before this action was brought. Defendants claim a three-year limitation period applicable. Plaintiff and R. A. Lathrop say their claim is only subject to the fifteen-year statute covering interest in lands. Defendants pleaded limitations in their answer.

Plaintiff's decedent or R. A. Lathrop could have brought their action upon the death of Joe Lathrop. At that time the cause of action accrued, and the applicable statute commenced to run. United States Fidelity & Guaranty Co. v. Fidelity Trust Co., 49 Okla. 398, 153 P. 195; Broadwell v. Board of Commissioners, 88 Okla. 147, 211 P. 1040; Skelly Oil Co., v. Harrell, 192 Okla. 101, 134 P. 2d 136.

Plaintiff and R. A. Lathrop claim that one partner is the trustee for the others and that this is therefore an action to enforce a trust and establish an interest in land and is governed by the fifteen-year provision in subd. 4 of 12 Okla. St. Ann. §93, while defendants claim that 12 Okla. St. Ann. §95 governs, as this is primarily an action in accounting.

This case was, by agreement of all parties, tried as an accounting action. Only upon this theory could the district court of Garvin county obtain jurisdiction as to real property outside that county.

It is necessary to determine the nature of this action. We believe this question to be governed by the following pronouncements of this court:

"A bill in equity filed by one member of an alleged partnership against another member thereof for a declaration of the partnership and for an accounting, in which it is charged that certain property was and is partnership property, is a transitory action and the venue thereof is governed by Sec. 207, C.O.S. 1921, and this is true even if an estate in real property is by the bill drawn in question, the plaintiff pleading that the estate in real property belongs to the partnership as such. Such allegations if traversed by the defendant in a court of competent jurisdiction, would form an issue for trial as an incident to the primary relief prayed in the bill, to wit, the declaration of the partnership, the determination of its assets, and the accounting as between the members thereof." Myers v. Garland, 122 Okla. 71, 251 P. 34.

"* * * The fact that some of the assets of the partnership in joint venture is real estate located in other counties than the one where the action is brought does not alter the rule, the relief as between the partners as to the real estate being incidental to the equitable relief relating to the determination of the partnership issues." Wolley v. Shaw, 192 Okla. 107, 136 P. 2d 398.

In Replogle v. Neff, 176 Okla. 333, 55 P. 2d 436, we find the same holding.

In Wolfe v. North, 182 Okla. 520, 78 P. 2d 674, this court said:

"In 33 C.J. 867, it is stated that the statute of limitations for recovery of the profits derived from a joint adventure begins to run from the date of its termination. The situation is analogous to one where a partnership business is closed out, and in such case a cause of action to establish the partnership and for an accounting and settlement accrues between the partners when the partnership is terminated, under an implied contract mutually and equally to share the profits and bear the burdens of the partnership, and the three year statute of limitations is applicable."

Brooks v. Campbell (1916 Kan.) 155 P. 41.

Plaintiff and R. A. Lathrop rely on the case of Stallings v. White, 194 Okla. 649, 153 P. 2d 813. In that case Susan A. Stallings died intestate in 1909 leaving her husband and numerous children. The husband died in 1910. One son died in 1911, leaving the other children as his heirs. Other heirs died in 1912, 1921 and 1939. During all these years, the properties owned by the first decedent were managed and added to under what this court called a loosely constructed but not unusual family arrangement. The trial court and this court determined certain heirs of some of the early decedents to have an interest in the properties. This court only considered three questions on appeal, none of which had to do with limitations of actions. That opinion is not determinative of any of the issues herein.

We hold the claims of plaintiff and R. A. Lathrop barred by the three-year statute of limitations.

The trial court's judgment was not sustained by sufficient evidence and is contrary to principles of law and equity previously enunciated and expressed herein by this court. The judgment of the trial court is reversed and remanded, with instructions to render judgment denying plaintiff any relief and denying R. A. Lathrop relief, except for his interest as an heir of Jennie Lathrop.

This court acknowledges the services of Attorneys Joe Stamper and David A. Stovall, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.