RULIFF DURYEA, ADMINISTRATOR OF THE ESTATE OF
JOSEPH GRANGER, DECEASED, v. THE ESTATE OF
EDWARD GRANGER, DECEASED.

*Estates of deceased persons—Fraud of administrator—Duty of minor
heirs--Statute of limitations—Witness—" Opposite party"
defined.*

1. In this case MORSE, J., filed an opinion, concurred in by CAMP-
BELL, C. J., favoring a *reversal*, and holding:

   *a*—An order of the probate court closing an estate, and recit-
ing that the administrator, who is discharged, has fully
accounted for and administered· all of said estate which has
come into his possession in pursuance of law, will be presumed
to have been made upon a proper showing that a balance found
in his hands on the settlement of his *first* account has been duly
accounted for and paid over to the heirs.

   *b*—It is the duty of *minor* hei s, on becoming of age, to
examine .the administration proceedings had on their father's
estate, which were closed during their minority; and a claim on
their part against the administrator for fraud in the settlement
of the estate, if not made within six years, is barred by the stat-
ute of limitations, unless the administrator fraudulently conceals
the fact from them.

   *c*—The mere fact that a widow is executrix of her husband's
will will not constitute her an " opposite party" within the
meaning of Act No. 139, Laws of 1885, but, to disqualify her as
a witness under said act, she must be also an heir or legatee.
*Howard v. Patrick*, 38 Mich. 795.

2. SHERWOOD and CHAMPLIN, JJ., concurred in the *reversal*.

Error to Wayne. (Jennison, J.) Argued June 9, 1887.
Decided July 7, 1887.

Appeal from the allowance of a claim in the circuit court,
which had been rejected in the probate court. Judgment
reversed, and new trial ordered. The facts are stated in the
opinion.

*B. T. Prentis,* for appellant.

*Wilkinson & Post* and *Edwin F. Conely,* for claimant.

66 MICH.—38.

MORSE, J. Duryea, as administrator of the estate of Joseph Granger, deceased, presented a claim against the estate of Edward Granger, deceased, for the value of one-half of a vessel called "The Granger," sold by Edward Granger, August 9, 1855, to one Day. The commissioners on claims refused to allow it.

On appeal to the circuit court of Wayne county, the presiding judge, Hon. William Jennison, directed the jury to find for the claimant in the sum of $3,193.33.

Eighteen errors are assigned. The material ones will only be noticed.

The undisputed facts are that in the year 1854 a vessel was enrolled at the port of Detroit, called "The Granger, of Detroit." The enrollment was based upon the oath of Edward Granger, who swore that himself and Joseph Granger were equal and sole owners of the scow, and that Joseph Granger was the present master. The vessel was enrolled on the twenty-ninth of June, and Joseph Granger died July 8 of the same year. He never sailed her, and Edward was away on the boat when Joseph died.

Joseph left as his heirs three infant children, one of whom died when about two years old. Two are now living; one, Mrs. Louisa Berry, being about four years old at her father's death, and the other, Mrs. Ann Duryea, being then about eight years of age.

January 13, 1855, Edward Granger was appointed administrator of the estate of his deceased brother, Joseph. The inventory made by him as such administrator showed the property of the deceased, all personal, to be $626. His first account as administrator, filed May 13, 1856, and allowed June 2, 1856, showed a balance due the estate in his hands of $22.25.

April 3, 1860, he was discharged from his trust.

In the inventory he did not account for one-half or any interest in the vessel.

December 6, 1884, Mrs. Berry, then about 34 years of age, filed a petition in the probate court of Wayne county, setting forth that she and her sister, Mrs. Duryea, were the sole heirs of their father, Joseph Granger; that he was half owner of the vessel "The Granger" when he died; that Edward Granger was appointed administrator of the deceased, and fraudulently omitted to inventory or account for said vessel, interest, or the earnings of the scow; that he finally sold the vessel for $2,000, and converted said sum of money to his own use; and that the petitioner knew nothing of these matters until about six months before the filing of the petition; and praying that the settlement of the estate might be reopened, and that said Edward Granger might be charged with the proceeds of one-half of said vessel so sold by him.

Edward did not appear upon the hearing of said petition, and an order was made December 9, 1884,—

"That said estate be, and the same is hereby, opened, and the order of this court, made April 3, 1860, declaring said estate fully administered and closed, and directing that a *quietus* issue, be, and the same is hereby, vacated and set aside."

He was further ordered to file a full account of property coming into his hands as administrator, not before accounted for.

Edward afterwards moved, upon an affidavit filed by him, to set aside this order, which motion was denied. He thereupon appealed to the circuit court. During the pendency of this appeal, and on the twenty-eighth day of February, 1885, Edward Granger died. By his will, Susan Granger was appointed his executrix. His death was suggested of record in the appeal case. It was then duly noticed for trial; and, when it came on for hearing, Mrs Berry, the petitioner, did not appear, and on the twenty-ninth day of April, 1886, she was defaulted, and an order was entered in the circuit court that the matter of said petition was a personal one,

that did not survive against the personal representatives of the respondent, Edward Granger, and was abated by his death; and a further order made that the order of the probate court reopening said estate, and vacating the *quietus* theretofore issued therein, and ordering the respondent to file a new statement therein, be reversed, set aside, and held for naught.

Commissioners being appointed to audit and allow claims against the estate of Edward Granger, Ann Duryea, the other daughter of Joseph, on the sixth day of October, 1885, petitioned the probate court for the appointment of an administrator *de bonis non* of her father's estate; and upon such petition her husband, Ruliff Duryea, was appointed and duly qualified as such administrator, and presented this claim, as heretofore shown.

Upon the trial in the circuit, under the objection of the defendant, the claimant introduced in evidence a certified copy of the enrollment of the vessel, showing in recital that Edward Granger had made oath that Joseph was an equal half owner with him of the vessel. He also put in evidence the petition and bond of Edward Granger, and the order appointing him administrator of Joseph's estate; also the report of the commissioners on claims, the administrative account, the order and notice of publication of the hearing of the same, and the orders of the probate court based upon such account. These were all objected to on the ground that all the files and records of the court should be admitted, and as being immaterial and incompetent.

Claimant also proved the appointment of himself as administrator *de bonis non* of the estate of Joseph Granger, and introduced the bill of sale of the vessel by Edward Granger to Mercy Day. This bill of sale contained a recital of the enrollment of the vessel, which recital was the same as the certified copy before introduced. He also proved the sale by the testimony of Augustus and Henry Day, who acted

for their mother Mercy Day, in the purchase of the vessel.

Albert Wilkinson was sworn, and testified that he had examined the files in the matter of the estate of Joseph Granger, and could find therein no accounting by Edward Granger of the interest of Joseph Granger in said vessel, and no reference of any kind to the same. .

Claimant also established the death of Edward Granger, and the appointment under his will of Susan Granger as executrix of his estate, and thereupon rested his case.

No evidence of any kind was offered to explain the long delay of the heirs of Joseph Granger in moving in this matter.

An issue had been formed by declaration and plea before the trial, under which issue the trial proceeded. Attached to the plea of defendant was a notice setting up the statute of limitations in bar of the claim.

Upon the claimant's own showing the verdict should have been directed for the defendant. The order of the probate court closing the estate of Joseph Granger, and discharging Edward as administrator, was presumably made upon a proper showing that the balance of $22.25 in the hands of the administrator, and due the estate when the account was allowed, had been duly accounted for or paid over to the heirs, as the order recites that he has—

"Fully accounted for and administered all of said estate which has come into your possession in pursuance of law."

Mrs. Berry had been of full age 13 years, and her sister 17 years, when the first steps were taken to open up this closed estate. The records of the probate court are open to the public, and must be considered as notice to all of the proceedings therein. The statute could not run against them as infants; but, upon becoming of age, it was their duty to examine and know of these proceedings. If they take no steps within six years thereafter, their claims, if any, against the administrator for fraud in the settlement of the estate

must be barred, the same as any other debt. They cannot rest 12 or 15 years in ignorance of their rights, when the facts upon which they base their claims are spread of record in the probate court. If so, there could never be an end to matters of this kind. The files and records of the probate court, if examined, would have plainly informed them that the alleged interest of the father in the vessel had never been accounted for.

The only thing that could possibly excuse their delay would be the want of knowledge, fraudulently concealed from them by Edward Granger, that their father owned any interest in the vessel at the time of his death. No showing of this kind is made in this suit, or in any of the proceedings taken in the probate court. See *Robert v. Morrin*, 27 Mich. 306.

The record of the enrollment of the vessel was admitted because it was a copy duly certified of a public record. This record showed that Joseph had a half interest in the vessel. Being a public record, they are presumed to have had notice of its contents, and therefore cannot claim, in any event, that they were ignorant even of the fact that their father was half owner of the vessel.

The defendant introduced evidence tending to show that Joseph really never had any interest in the vessel; that Edward furnished the means to build, and paid Joseph for what work he did upon the boat; that the agreement was that Joseph should pay for his half by his services in running the boat, of which he was to be master; that, when the vessel was completed, Joseph was sick, and could not go with the boat, and Edward sailed her upon the first trip; and, when he returned from such trip, Joseph was dead. If this evidence was believed by the jury, it was a complete defense, but the court would not submit it.

Susan Granger, executrix and widow of Edward, was offered as a witness upon the part of the defense, but was

not permitted to testify to anything within the knowledge of Joseph Granger; the circuit judge holding that she was the "opposite party" to the suit, and therefore could not testify under the statute. See Laws of 1885, p. 156.

The mere fact that she was executrix of the last will and testament of Edward Granger would not constitute her the "opposite party" in the sense of the statute. It does not appear in the record whether she was a legatee under the will, or had any interest in the estate, except the fact that she was the widow of the deceased.

It was held in *Howard v. Patrick,* 38 Mich. 795, that the statute applied to one who sued as administratrix, and was also an heir to the estate. This must have been put upon the ground that she was an heir, and therefore interested in the suit.

The controversy in a case like the present is really between the estates of the two deceased persons; and the estate is the party,—not the executor or administrator, who has no right or authority to pay or allow a claim against the deceased until the commissioners or the court have passed upon and audited it.

The executrix in this case is the mere agent of the estate, and not a party to the suit, unless she is an heir or legatee. The case might well be entitled, as such cases often are, *"The Estate of Joseph Granger, Deceased, v. The Estate of Edward Granger, Deceased."* If, therefore, Mrs. Granger was an heir or legatee of the estate, as she probably was, the circuit judge was right, under the authority of *Howard v. Patrick;* but if not, he was wrong.

It is not necessary to discuss the remaining allegations of error.

The judgment of the court below must be reversed, and a new trial granted, with costs.

CAMPBELL, C. J., concurred with MORSE, J. SHERWOOD and CHAMPLIN, JJ., concurred in the reversal.