### HOLMES v. PATTERSON et al.

No. 11488—Opinion Filed June 5, 1923.

Rehearing Denied June 26, 1923.

1. **Executors and Administrators — Laches of Claimant—Rights After Close of Administration.**

Where a claimant or creditor of an estate who resides in the county where the administration is pending, fails to pursue his remedy in the cause while pending, and the estate is finally closed, he will not be permitted to reopen the case for further administration.

2. **Same — Necessary Showing to Reopen Estate.**

In order for a creditor or claimant to be entitled to reopen an estate for the administration of his claim, he must show a legal excuse for failure to attempt to secure the desired relief during the first administration.

3. **Same.**

Where the claimant or creditor has resided in the county in which the administration was pending, and after the close of the administration. and discharge of the legal representatives, he must go further than to

show an existing claim against the estate in order to be entitled to the reopening of the estate and appointment of administrator for disposition of his claim.

### 4. Insufficiency of Evidence.

We have carefully examined the evidence in this cause, and find that there was no evidence introduced by plaintiff tending to excuse his failure to seek relief in the administration of the estate of Patterson in the first instance, and it was not error to sustain the demurrer to the testimony.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Benjamn B. Wheeler, Judge.

Action by C. H. Holmes against Flora L. Patterson et al., for the appointment of administrator of the estate of Augustus W. Patterson, deceased, for the purpose of maintaining action against the estate for damages. Application of plaintiff denied, and plaintiff brings error to this court. Affirmed.

Neff & Neff, for plaintiff in error.

Mosier, Bohannan & Mosier and Gibson & Hull, for defendants in error.

Opinion by STEPHENSON, C. The record shows substantially the following facts: A. W. Patterson, as owner, leased a garage to plaintiff about September, 1916, situated in the city of Muskogee. Patterson died on December 8, 1916, leaving a will, which was admitted to probate on January 29, 1917, by the county court of Muskogee county, which appointed Flora L. Patterson executrix. The executrix duly administered on the estate and was discharged September 4, 1918, upon due notice of the hearing of final report. The plaintiff was a resident of the city of Muskogee at all times mentioned herein. On December 16, 1919, the plaintiff filed his application in the county court of Muskogee couty for the appontment of an administrator of the estate of Patterson, deceased, which was denied by the county court, and upon appeal to the district court was likewise denied, and plaintiff has brought error to this court. The plaintiff sought the appointment for the purpose of maintaining an action against the estate for alleged damages resulting to plaintiff's property by the collapse of a building then occupied by the plaintiff on January 18, 1918. The plaintiff asserted that the decedent leased to him the building in question in a defective con-

dition for use as a garage, and that by reason of the defective conditions and unusual accumulation of snow and ice upon the roof, the building collapsed on the date mentioned, causing considerable damage to plaintiff's automobiles then stored in the building, for which the decedent's estate was liable. The application of the plaintiff for the appointment of an administrator of the estate was disposed of adversely to plaintiff by the district court upon demurrer to the evidence. The petition of plaintiff did not excuse his failure to present his claim to the county court during the administration of the estate. The petition of plaintiff appears to assume as a matter of law that he is entitled to the appointment of an administrator for the purpose named, merely upon the allegations of the happening of the alleged injury. So far as the records show, due notice was given by the executrix for the presentation of claims against the estate, and timely notice was given of the hearing upon the final report and application for discharge. It is apparent that the plaintiff had more than seven or eight months after suffering the alleged injury, and before the discharge of the executrix, in which to present the matter to the county court. Among the several questions that may enter into the ruling of the court on the demurrer to the evidence, is the question of plaintiff's failure to present the claims during the course of the administration of the estate. Plaintiff has wholly failed to offer a legal excuse for not bringing this question before the county court during the administration of the estate, and the question now is whether or not plaintiff may have the relief sought, in the absence of offering a legal excuse for his failure to seek relief during the time administration was pending.

The apparent weight of authority establishes the rule that a final decree in the administration of an estate, making distribution of the estate and discharging the executor or administrator, is conclusive as to every matter that was involved in the action, and is also conclusive of all those matters that the claimant ought to have presented for administration in the exercise of the usual care shown by the ordinarily prudent business man for the preservation of his property rights. Young v. Byrd (Mo.) 28 S. W. 83; Shelby v. Creighton (Neb.) 91 N. W. 369.

The judgment of the probate court in making the final decree for distribution and discharge of the legal representative is res judi-

cata upon all questions, both at law and in equity, that were proper for distribution in the cause, and precludes the reopening of the estate, except the claimant or creditor is able to show that his failure to seek relief in the first action was without fault upon his part.

The plaintiff has failed by proof to excuse his failure to seek relief in the first instance, and, under the well-established rule of equity, is now precluded from reopening the estate for the maintenance of an alleged cause of action that existed some seven or eight months prior to the closing of the estate. Slaughter v. Cannon, et al., 94 N. C. 180; Duryea, Adm'r, v. Granger's Estate (Mich.) 33 N. W. 730; Tynan v. Kerns et al. (Cal.) 51 Pac. 693; Hays v. Freshwater et al. (W. Va.) 34 S. E. 831; Hazlett v. Burge et al., 22 Iowa, 531; 18 Cyc. 1202; see note, also, to Proebrich v. Lane, 106 Am. St. Rep. 634.

Plaintiff having failed to bring himself within the exception to the general rule, it would not serve any useful purpose to review the assignment of other errors.

We therefore recommend that this cause be affirmed.

By the Court: It is so ordered.