## UNITED STATES FIDELITY & GUARANTY CO. et al. v. KROW.

No. 26201. Nov. 15, 1938.

Rehearing Denied Feb. 21, 1939.

Application for Leave to File Second Petition for Rehearing Denied March 14, 1939.

Tomerlin, Chandler & Shelton, Richard W. Fowler, John W. Swinford, Gibson & Holleman, and McCollum & McCollum, for plaintiffs in error.

N. E. McNeill, for defendant in error.

BAYLESS, V. C. J. In this case we are called upon to determine whether the party plaintiff in the court below was with right and authority to maintain suit on fidelity bonds given pursuant to the provisions of section 1, chapter 157, Session Laws 1923 (sec. 9123, O. S. 1931). Said section provides:

"It is by this act made mandatory that all persons who are actively engaged in the state banking business in the state of Oklahoma and all active employees of any such bank shall from and after the passage and approval of this act give fidelity bonds, to the state of Oklahoma, executed by a surety company in the amount fixed by the Bank Commissioner, and when executed to be approved by the Bank Commissioner for the faithful performance of their respective duties and every active officer and employee of such state banks shall give such bond within 30 days after such officer shall become active as an officer or employee in a state bank in the state of Oklahoma."

Each of the bonds involved in this litigation bears an indorsement of approval by the State Bank Commissioner, and respectively provide that the principal and surety named therein are bound to pay to the state of Oklahoma such pecuniary loss, not exceeding $5,000, as "the First Commerce Bank of Ralston, Oklahoma, * * * may sustain by reason of the failure of the principal from and after the date of this suretyship to faithfully perform all duties required of such principal while said principal is actually employed by said bank aforesaid. * * *"

While said bonds were in force and effect, Jasper T. Krow, as plaintiff, but now defendant in error, instituted suit in the district court of Pawnee county, Okla., against V. M. Harry and J. O. Cales, principals named in the bonds aforementioned, and United States Fidelity & Guaranty Company and American Surety Company of New York, the respective sureties on said bonds. He alleged: That during the year 1931 he was a depositor in the First Commerce Bank, of Ralston, Okla., and continued so to be up to August 1, 1932, "when said bank was turned over to the State Bank Commissioner as an insolvent bank"; that prior to August 6, 1931, he left various promissory notes amounting to $10,000 with said bank for collection, the proceeds there-

of to be deposited in a special account designated "Jasper T. Krow Collection Account"; that prior to August 6, 1931, approximately $3,000 had been deposited in said account, and that while said sum was so deposited. the defendants, as officers and employees of said bank, wrongfully and unlawfully and without knowledge or consent of plaintiff, and in violation of their duties as officers and employees of said bank. and in violation of the terms and conditions of their bonds, debited his said account in the sum of $1,000 and caused entries to be made on the bank's books crediting said amount to an account carried in the name of "Osage Market"; that thereby plaintiff was deprived of said sum, and that said conduct on the part of said defendants constituted a breach of their respective duties and a breach of their respective bonds. And therefore, plaintiff prayed judgment for $1,000 and interest. He further alleged: That included in the notes aforementioned were three certain notes, to wit, the "W. G. Peters note" for $595. the "E. G. Rice note" for $358.50, and the "Jeff Smith note" for $585; that while said notes were in said bank for collection said defendants, as officers and employees of the bank, without knowledge or consent of plaintiff, wrongfully and unlawfully misappropriated said three notes by selling two of them to American National Bank of Pawhuska, and the other to Reconstruction Finance Corporation; that the defendants, as officers and employees of said bank, owed plaintiff the duty to properly care for and protect said notes, and that their acts in converting said notes and causing same to be sold constituted a "breach of the statutory bonds of each of them which obligated the said defendant-officers and employees and each of them to faithfully perform their official duty as such officers and employees of said bank." And for this plaintiff claimed damages in amount equal to the face of said three notes plus interest thereon, and the further sum of $250 to compensate and reimburse him for time and money expended in "pursuit" of said notes.

Trial in the court below resulted in a verdict favorable to the plaintiff, upon which the trial court subsequently rendered judgment against V. M. Harry and his surety, United States Fidelity & Guaranty Company, for $1,174 with interest thereon from date of judgment, and, against V. M. Harry and his surety aforenamed, and A. D. Krow as special administrator of the estate of J. O. Cales, deceased, and American Surety Company of New York, surety of J. O. Cales, for $1,734.36 with interest thereon from date of judgment.

In an appropriate manner the defendants United States Fidelity & Guaranty Company and American Surety Company of New York each timely challenged in the court below the right and authority of the plaintiff to maintain suit on the bonds. But the ruling thereon by said court was against them, and they are presenting the point in their appeal to this court.

There are decisions by this court which tend to sustain the right of the plaintiff to maintain his suit, as against the individual defendants Harry and Cales. See Hughes v. Martin, 81 Okla. 89, 196 P. 951, and Paris v. Beckner, 143 Okla. 238, 289 P. 276. But examination, however, of the opinions in those cases will disclose that the actions were not upon the bonds of the defendant bank officers, but were against said officers alone and as individuals, and that no attempt was made in said actions to subject the surety on the bonds of said officers to liability in the premises. And hence it may not be said of these decisions that they tend to support the plaintiff's claim of right to maintain suit on the bonds of the said Harry and Cales.

In 9 C. J. 86, sec. 152, it is stated:

"Under statutes, in many jurisdictions, which prescribe that the real party in interest must be the plaintiff, the obligee need not sue if he is not entitled to the beneficial interest in the bonds; but the party for whose benefit the bond is executed, whether the obligee or some other person, must sue thereon. But to enable a third party not named in the bond to sue thereon it must clearly appear by the terms of the bond that he is of the class covered by the conditions of the bond and entitled to its benefits and if it appears from the terms used that the bond is solely for the benefit of the parties thereto. third persons cannot recover under its provisions. * * *"

The right of a depositor or other creditor of a state bank to sue upon the statutory fidelity bond of one of the officers of the bank was considered in Fidelity & Deposit Co. of Maryland v. Duke, etc. (C. C. A.) 293 Fed. 661. The sixth headnote to the opinion reads:

"No suit on statutory fidelity bonds to a bank can be maintained by depositors or other creditors or to their use, and any benefit they may derive must be worked out through the bank in its right and subject to its liabilities."

From the opinion it appears that in the

state of Washington it was provided by statute that the board of directors of each bank "shall require its active officers * * * each to give a surety company bond, in such sum as the board shall specify and the State Bank Examiner shall approve, conditioned for the faithful and honest discharge of his duties and for the faithful application of all moneys." And in connection with said statute and in relation to the right of depositors or other creditors to maintain suit on a bond given pursuant to said statute, it was stated in the opinion as follows:

"The statute, however, expresses nothing in respect to depositors or other creditors. In their behalf it does not expressly stipulate for a bond, as for the benefit of third parties does the statute in the case last cited. No suit upon these bonds can be maintained by depositors or other creditors or to their use, and any benefit they may derive is not that due third parties for whose benefit a contract is expressly made, but is wholly incidental and indirect, only to be worked out through the bank in its right and subject to its liabilities in respect to execution and performance of the contracts and otherwise."

The same reasoning may be said to apply in the case at bar. For, as may be noted, the statute requiring the bonds (sec. 1, ch. 157, S. L. 1923, O. S. 1931, sec. 9123) expresses nothing to indicate that depositors or other creditors of the bank are to be protected by the conditions of the bonds and entitled to the benefits thereof. Nor does said statute contain any provision authorizing actions on the bonds by depositors or other creditors.

The right of a third party not named in a statutory bond to maintain suit on said bond was considered and determined by this court in American Surety Co. v. Steen, 86 Okla. 252, 208 P. 212. And it was there stated and held as follows:

"The bond on which the plaintiff seeks to recover in this cause being a statutory bond in which the state is named as obligee, and it appearing that the bond was not made for the benefit of any other person, and there being no statutory provision authorizing an action on the bond except by the state, held, that the plaintiff, a person other than the obligee in the bond, is unauthorized to maintain the action."

And in the opinion, it was said:

"It is well settled that, in the absence of a statute, a suit on a bond can be maintained only by the obligee named therein, and that no one can sue as plaintiff who has not the legal interest, unless permitted so to do by statute. 9 C. J. 85; People v.

Laidlaw, 120 Mich. 358; Blyth-Fargo Co. v. Free (Utah) 148 P. 427."

"It not appearing from the act that the bond in question is required for the benefit of any individual, and no authority being given by the act for suit by any other person other than the state, we must hold that the plaintiff in this instance was not entitled to maintain this action."

We are of the opinion that the bonds in suit were for the sole protection and benefit of the bank named therein, and that in the premises the plaintiff, Jasper T. Krow, was without right or authority to maintain suit on said bonds. And being of this opinion, it therefore is not necessary to consider other assignments of error presented in the appeal of the defendant surety companies.

We come now to a consideration of the appeal of A. D. Krow, special administrator of the estate of J. O. Cales, deceased.

It appears that while the suit was pending in the court below, and before trial therein, the defendant J. O. Cales died. And that thereafter the action as against him was revived and carried on against A. D. Krow, special administrator. It is asserted by said special administrator that the judgment cannot stand as to him. The contention is that the judgment against him is void. First, because no claim was presented to the administrator; and second, section 1179, O. S. 1931 (58 Okla. St. Ann. sec. 215), provides that in no case is a special administrator liable to an action by any creditor on a claim against a decedent.

A claim arising on contract must be presented to the administrator for allowance or rejection, before suit can be maintained thereon, but not so where the claim arises in tort or other wrongful act of the deceased. American Trust Co. v. Chitty, 36 Okla. 479, 129 P. 51; Donnell v. Dansby, 58 Okla. 165, 159 P. 317; Jones v. Woodward, 50 Okla. 704, 151 P. 586; Clover v. Neely, 116 Okla. 155, 243 P. 758. And the plaintiff's suit being based upon alleged conversion, it therefore was not necessary that a claim be filed.

Section 1179, supra, relating to the duties of special administrators, provides that in no case is he liable to an action by any creditor on a claim against decedent. In Donnell v. Dansby, supra, a case where plaintiffs were seeking to recover funds alleged to have been misappropriated, Mr. Justice Hardy, speaking for the court, in holding that it was not necessary to file a claim with the administrator, said: "Plain-

tiffs were not creditors of deceased, but are seeking an accounting for a trust fund held by him."

Hence, since the plaintiff, Jasper T. Krow, was not in the premises a creditor of the deceased, it follows that the provisions of section 1179, supra, do not apply.

The plaintiff in error V. M. Harry has filed no brief in relation to or in support of his appeal, and no excuse has been offered for his failure to file same. This court has many times held that where a plaintiff in error has failed to serve and file brief as prescribed by the rules of this court, no excuse being offered therefor, the judgment of the trial court will be affirmed. Sequoyah Club v. Ward, Co. Treasurer, 71 Okla. 1, 174 P. 747; Black v. First Nat. Bank of Grandfield, 87 Okla. 297, 210 P. 1023. This rule, therefore, will be applied as to the appeal of the plaintiff in error V. M. Harry.

The judgment rendered in the court below, so far as it relates to or affects United States Fidelity & Guaranty Company and American Surety Company of New York, is hereby reversed, and the cause remanded to said court with directions to vacate and set aside said judgment and dismiss the action, as against said named companies. But said judgment, so far as it relates to or affects V. M. Harry and A. D. Krow, as special administrator of the estate of J. O. Cales, deceased, is hereby affirmed.

Affirmed in part, reversed in part, and remanded with directions.

OSBORN, C. J., and WELCH, PHELPS, CORN, and DAVISON, JJ., concur. RILEY, J., dissents. GIBSON, J., absent. HURST, J., disqualified.