BRASHEARS et al. v. STATE ex rel. OKLAHOMA PUBLIC WELFARE COM. et al.

No. 31408. Sept. 26, 1944.

Rehearing Denied Dec. 19, 1944.

*154 P. 2d 101.*

C. H. Bowie, of Pauls Valley, for plaintiffs in error.

R. E. Bowling, of Pauls Valley, for defendant in error Ralph Brashears, administrator.

Randell S. Cobb, Atty. Gen., James W. Bounds, Asst. Atty. Gen., and Wm. M. Franklin, Atty. for Dept. of Public Welfare, of Oklahoma City, for the State.

PER CURIAM. On the 12th day of August, 1941, Lonzo Velpo Brashears was receiving from the State of Oklahoma under the enactments and constitutional provisions relating thereto old age assistance. On December 7, 1941, Lonzo Brashears died. Thereafter, on the 12th day of March, 1942, the State of Oklahoma, on relation of the Oklahoma Public Welfare Commission, commenced an action against Ralph Brashears, administrator of the estate of Lonzo Brashears, deceased, and Ollie Brashears and Ethel Brashears as defendants and sought to recover the sum of $623 together with interest thereon. At the conclusion of the trial, judgment was entered for $732.49 against all of the defendants and a lien was established in favor of the state against the estate of Lonzo Brashears, deceased, and against any money given by Lonzo Brashears to Ollie Brashears and Ethel

Brashears, defendants. During the proceedings there was deposited in the Bank at Pauls Valley certain funds and the effect of the judgment of the trial court is to order a judgment against the administrator for the balance due after crediting these funds and to order a judgment against the estate as hereinafter stated in favor of Ollie Brashears and Ethel Brashears.

The record discloses that on the 12th day of August, 1941, Lonzo Brashears gave Ollie Brashears and Ethel Brashears $1,614. It is the statement of Ethel Brashears that these funds had been placed in a trunk by their father, Lonzo Brashears; that they had knowledge that these funds were in the hands of and possession of Lonzo Brashears; otherwise the record is obscure as to where Lonzo Brashears acquired the $1,614 and whether any of it was acquired out of the "savings" obtained from money advanced by the State of Oklahoma for the old age assistance.

It is first argued that there is no evidence in the record that Lonzo Brashears was in possession of any funds prior to the 12th day of August, 1941, and that any judgment against Ollie Brashears and Ethel Brashears and the administrator is erroneous insofar as it covers any funds advanced prior to the 12th day of August, 1941. This proposition is disposed of by the fact that Ollie Brashears and Ethel Brashears both testified and admitted that Lonzo Brashears had money in his possession and kept the same in a trunk. Since it is their testimony alone which granted the authority to the court to find that Ollie Brashears and Ethel Brashears were entitled to the money remaining after the payment of the lien, they stand in no position at this late date to question the fact that it will be presumed that the money was in the possession of Lonzo Brashears during the time he drew the pension in the absence of a showing by the evidence that he was in destitute circumstances and without any funds at the time he commenced drawing his pension. In the absence of such showing it is established that he was at all times in possession of an amount in excess of the enactments providing for the payment of old age pensions and the rules made in pursuance thereof by the Oklahoma Welfare Commission.

In the second proposition it is argued that the principle that a lien created by the operation of law is dissolved by the death of the person against whose property it is asserted should be applied in the case at bar. This is contrary to the holding of this court in State ex rel. Williamson, Atty. Gen., v. Knight, 192 Okla. 573, 137 P. 2d 894, in which we held:

"Payments of old age assistance to a person ineligible to receive the same, which are procured through misrepresentation or concealment of material facts, are recoverable as a debt due the state. 56 O.S. 1941 § 171."

The above-cited section provides that the state shall have a first and paramount lien upon all the assets and effects of said recipient to secure such payment.

The third proposition is that the court erred in directing the judgment for the defendant in error the State of Oklahoma against Ollie Brashears and Ethel Brashears and will be combined with the fourth proposition, in which it is stated that a gift inter vivos is complete when the thing or property given and transferred by the donor is received and accepted by the donee. The court did not err in establishing the gift in favor of Ollie Brashears and Ethel Brashears subject to the lien of the State of Oklahoma. See 24 Am. Jur., Fraudulent Conveyances, page 155, § 3. The right of creditors is superior to that of a donee. Fraudulent Conveyances, 24 Am. Jur., supra, § 24, 17 A.L.R. note, p. 735. Under State ex rel. Williamson v. Knight, supra, a debt is created, and by 56 O.S. 1941 § 171, a specific lien is given against the property of the old age pensioner, and under the above authorities the lien under the above authorities the lien was superior to any voluntary gift to the children of Lonzo Brashears.

In a separate petition in error the ad-

ministrator presents error of the court in directing a verdict and judgment against the administrator and in favor of Ollie Brashears and Ethel Brashears. Under the above authorities the same rule applies to the money received by Ollie Brashears and Ethel Brashears. There is no evidence in the record that the gift was not outright and unconditional. As applied specially to personal property a gift has been defined as a voluntary act of transferring the right to and possession of a chattel whereby one person renounces and another immediately acquires all right and title thereto. 24 Am. Jur. Gifts, § 2. As a general rule natural persons have the right to give away their property to whomsoever they wish; and if they do so and the gift is not induced by fraud or undue influence, only the creditors of the person who makes the gift may impeach it. 24 Am. Jur. Gifts, § 3. Neither the administrator nor the heirs of Lonzo Brashears were creditors of Ollie Brashears, Ethel Brashears, or Lonzo Brashears. He had a right to and could give away all he had by will or otherwise. Neither did the fact that the state had a lien on the $1,614 as stated in State ex rel. Williamson v. Knight, supra, affect the right of Lonzo Brashears to part with it otherwise.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur.