**In re JACKSON'S ESTATE.**
**Civ. No. 7036–A.**

District Court, Alaska
First Division, Juneau.

Aug. 23, 1954.

H. L. Faulkner and William L. Paul, Jr., Juneau, Alaska, for appellant.

Mildred R. Hermann, Juneau, Alaska, for appellee.

J. Gerald Williams, Atty. Gen., and Edward A. Merdes, Asst. Atty. Gen., for Territory of Alaska, claimant.

FOLTA, District Judge.

This is an appeal from an order of the Probate Court for Juneau Precinct, directing the appellant, Lizzie Peterson, to surrender $7,500 in cash which the court concluded was a part of the assets of the estate of Mary Jackson, appellant's mother. In the meantime, the Territory has interposed its claim under Sec. 51–2–102, A.C.L.A. 1949, for $8587.47, representing the amount it had paid to Mary Jackson under its old age assistance law.

It appears that from 1941 until her death in 1952, Mary Jackson, an Indian, received a pension from the Territory. Under the law, she was required to renew her application for a pension each year. Being illiterate, she answered the questions through an interpreter, and signed by mark. Although the appellant was present on some of these occasions, and acted as interpreter, she denies knowledge of her mother's wealth at that time. It should be noted that under the law in effect during the period stated, one in decedent's circumstances was ineligible for such a pension.

The appellant and her daughter testified that in February, 1951, the deceased gave her a package, with the declaration that it was for her alone. Appellant's daughter testified that Mary Jackson showed her the contents but that she kept that fact a secret. Appellant testified that since under tribal custom it would be an impropriety to examine a gift made in contemplation of death during the lifetime of the donor, she did not examine the contents until after the death of her mother in November, 1952. The appellees contend that it was the deceased's intention to divide the estate equally among the heirs and that the appellant wrongfully appropriated the money to herself. On behalf of the Territory, it is contended that its claim is superior; that any gift would be a fraudulent transfer which would be overreached by the Territory's claim, and that therefore its claim must first be satisfied. Appellant now insists that she is entitled to prevail on either of two possible theories—(1) that the transfer of the property was in payment for services rendered, or (2) that even should the court find it to be a gift, it cannot be set aside unless it can be shown that it was made with intent to defraud the Territory. On behalf of the Territory, it is argued that if this transfer was a gift, it must be set aside under Sec. 61–7–21, A.C.L.A. 1949, as a fraud on creditors, or that if not a gift, it cannot be in payment for services because

of the absence of any agreement between the decedent and the appellant.

 The evidence is insufficient to warrant any inference of the existence of an implied contract to pay the appellant for her services to the decedent. Moreover, it appears that like services, but perhaps to a lesser extent, were performed by the other children also and that in doing so they were influenced more by affection and tribal customs than by any hope of reward.

The next question is whether the transfer may be set aside as fraudulent under Sec. 61–7–21, A.C.L.A., which, so far as pertinent, provides:

"Whenever the assets of the estate are insufficient to satisfy * * * the claims against the estate, and the deceased shall in his lifetime have made * * * any conveyances, transfer, or sale of any property, * * * with intent to delay, hinder, or defraud creditors, or when such conveyance, transfer, or sale has been so made * * * that the same is void in law as against creditors, * * * it is the duty of such executor or administrator * * *."

It will be noted that under this section, a transfer of property may be declared void if it was made with intent to delay, hinder, or defraud creditors, or if it is void in law as against creditors.

Sec. 51–2–101 provides that such a claim as that here dealt with "shall be a first, prior and preferred claim against the estate of such beneficiary after his death".

 Diligent search has failed to reveal a single case in point, but the reasoning in somewhat analogous cases dealing with fraud on creditors, Glenn on Fraudulent Conveyances and Preferences, Rev.Ed., Sec. 207; Brashears v. State, 194 Okl. 663, 154 P.2d 101, is persuasive here. The fact that in the case last cited a lien was given by statute does not require a different conclusion. Since I am convinced that the transfer was void in law as against the Territory within the meaning of the statutory provision referred to, I find it unnecessary to resolve the difficult question of the intent of the decedent under Sec. 61–7–21, supra.

This conclusion is supported by the findings (1) that the decedent swore initially and annually thereafter that she owned no property, although during all that time she had approximately $10,000 in cash, much of it in bank notes or treasury certificates of a size and kind no longer in circulation; and (2) that the transfer thereof was without consideration.

Accordingly, I conclude that the claim of the Territory is entitled to priority in conformity with the provisions of Sec. 51–2–101, and that the appellant should account to the administratrix for all money and property received from the decedent under a claim of gift or otherwise.