[No. 33294. Department Two. October 6, 1955.]

THE STATE DEPARTMENT OF PUBLIC ASSISTANCE, *Appellant,*
v. ROSE H. PRITCHARD, *as Administratrix, Respondent.*[1]

[1]Reported in 288 P. (2d) 480.

*The Attorney General, Moksha W. Smith* and *John F. Hansler, Assistants,* for appellant.

*Parr & Baker,* for respondent.

MALLERY, J.—Charles L. Verac was a recipient of old age assistance from July, 1941, through April, 1954, in the total amount of $3,782.86. After he died, $1,030 cash was found upon his person. Rose H. Pritchard, the daughter of a friend of the deceased, is the sole devisee under his will and the administratrix of his estate, which consists of a dwelling and the $1,030 cash.

The first cause of action in the amended complaint, commenced by the attorney general against the estate, was for the recovery of the total sum of the assistance paid to the deceased during his lifetime. It is predicated upon the Laws of 1939, chapter 216, § 27, p. 881 (Rem. Rev. Stat. (Sup), § 10007-127a), which was amended by the Laws of 1953, chapter 174, § 35, p. 366 (RCW 74.04.300).

Laws of 1939, chapter 216, § 27, p. 881 (Rem. Rev. Stat. (Sup.), § 10007-127a), reads:

"Any person or persons *concealing resources* such as cash in hand, bank accounts, savings accounts, cash income, or any other kind of resources and who shall have been granted assistance under this act *while* having such resources shall be liable for the amount of such assistance and the department or administrator is authorized and directed to recover the amount thereof in a civil action for debt against such recipient, his heirs, executors or assigns." (Italics ours.)

Laws of 1953, chapter 174, § 35, p. 366 (RCW 74.04.300) reads:

"If a recipient receives public assistance for which he is not eligible, or receives public assistance in an amount greater than that for which he is eligible by reason of the possession of or having come into possession of any resources *which he fails to disclose* to the department, or conceals resources such as cash in hand, bank accounts, savings accounts, cash income, or any other kind of resources, the total amount of such assistance paid to such recipient shall be a debt due the state and the attorney general shall prosecute an action to recover the amount thereof in a civil action against such recipient, his heirs, executors, or assigns." (Italics ours.)

The trial court dismissed the first cause of action at the close of plaintiff's case. The plaintiff appeals.

The deceased was known to have possessed at least $300 on May 29, 1943. He paid $257.45 in September, 1947, for a radio. He paid $293.45 in December, 1953, for a television set. The respondent counted approximately $700 in cash, of which he was possessed in 1952. The sum of $1,030 found upon his person after death, has been mentioned.

The amount the deceased was permitted to possess by the provisions of RCW 74.08.010(11)(d), was two hundred dollars. Anyone possessing more than that amount is ineligible to receive old age assistance.

The appellant's *visitors* make regular calls upon all recipients of old age assistance to ascertain the amount of their cash resources. Upon such occasions, the deceased denied possession of cash in excess of two hundred dollars to the visitors, and filled out printed forms to that effect. These deceptions constitute concealment of resources under the purview of the statute.

Appellant's first cause of action must be predicated not only upon the occurrence of *ineligibility* for assistance by reason of possession of excess resources by the deceased, but also upon the duration of the ineligibility. It is the payments to the deceased, *"while having such resources"* (italics ours), for which the state has a claim against the estate. The existence of ineligibility was conclusively proved. Both parties presented all the evidence available to them bearing upon the question of the deceased's resources. No

*interval* of time during which the ineligibility of the deceased continued, could be shown—only the isolated instances of excess resources heretofore related.

 In this kind of a case, the possession of $1,030 cash at the time of the death of a recipient of old age assistance, supports the presumption, until the contrary is shown, that he was ineligible at and from the time of his application for assistance. *Brashears v. State ex rel. Oklahoma Public Welfare Comm.*, 194 Okla. 663, 154 P. (2d) 101. The general rule is stated in 31 C. J. S. 789, Evidence, § 140, as follows:

"As a general rule mere proof of the existence of a present condition or state of facts or proof of the existence of a condition or state of facts at a given time, does not raise any presumption that the same condition or facts existed at a prior date, since inferences or presumptions of fact ordinarily do not run backward.

"However, the general rule is not of universal application. Whether the past existence of a condition or state of facts may be inferred or presumed from proof of the existence of a present condition or state of facts, or proof of the existence of a conditon or state of facts at a given time, depends largely on the facts and circumstances of the individual case, and on the likelihood of intervening circumstances as the true origin of the present existence or the existence at a given time. Accordingly, in some circumstances, an inference as to the past existence of a condition or state of facts may be proper, as, for example, where the present condition or state of facts is one that would not ordinarily exist unless it had also existed at the time as to which the presumption is invoked. An inference that a state of affairs existed at a certain time may be reinforced by evidence that it continued to exist at a subsequent time.

"*Financial condition.* Proof of the existence of a particular financial condition on a given date may or may not establish the basis of a logical inference that such condition existed at a date prior thereto, depending on the length of time over which it is sought to carry the inference back and the facts and circumstances of the particular case."

 There is nothing in the record tending to rebut the presumption that the deceased was ineligible to receive old age assistance at and from the time of his application for it. Indeed, it was not contended that the deceased had received

moneys in the form of wages, rent, interest, dividends, profits, gifts, or inheritances, after the application. Instead, it was pleaded that the deceased had saved the cash found upon his person out of the old age assistance paid to him. This, however, was not established as a fact or even as a mathematical possibility by the evidence.

The presumption that the deceased possessed cash equal or greater than $1,030, runs back *only* to the time he applied for assistance, for the reason that he had been employed prior thereto, and the causal effect of wages upon resources is obvious. However, a presumption beginning at the time of his application for old age assistance, is sufficient to sustain a judgment for the recovery of all of the assistance paid to him.

The judgment of the trial court dismissing appellant's first cause of action, is reversed and remanded with instructions to enter judgment thereon as prayed.

The other causes of action, in the appellant's amended complaint, were in the alternative, and accordingly the trial court is directed to dismiss them.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.