**Virginia GATES and Ivan Gates, Appellants,**

**v.**

**John N. BAUM, Special Administrator of the Estate of Delbert G. Smith, M.D., Deceased, Appellee.**

**No. 56970.**

Court of Appeals of Oklahoma, Division No. 4.

Sept. 6, 1983.

Rehearing Denied Oct. 3, 1983.

Certiorari Denied Dec. 13, 1983.

Released for Publication by Order of the Court of Appeals Dec. 19, 1983.

John S. Oldfield, Jr., Oklahoma City, for appellants.

Dale Reneau, Z. Faye Martin Morton, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellee.

BRIGHTMIRE, Presiding Judge.

The dispositive question here is whether a probated and closed estate can be reopened and an action brought against a specially appointed administrator ad litem of a deceased physician's estate to recover damages for a newly discovered injury alleged to have been caused by the malpractice of the deceased physician during surgery he performed some eleven years earlier.

We hold it can.

### I

On November 16, 1967, Virginia Gates submitted herself to extensive gynecological surgery—a removal of her uterus, tubes and ovaries—at the hands of Delbert G. Smith, M.D. Gates' postoperative course consisted of kidney trouble accompanied by high blood pressure. These complaints were brought to the attention of Smith but he is said to have made no effort to determine the cause.

Dr. Smith died May 13, 1975. His estate was probated and closed several months later.

The persistence of Gates' symptoms inspired her to visit Scott-White Clinic in Temple, Texas, in October 1978. There physicians discovered and removed a hydronephrotic (blocked and degenerated) kidney caused by the improper tying off of the ureter (tube from kidney to bladder) during the 1967 surgery. Removal of the kidney brought an end to the discomforting post-Smith operative symptoms.

Upon learning these facts Gates filed a motion to reopen Smith's estate and to appoint a special administrator.[1] The motion was granted and this action was filed. Later, attorneys who appeared on behalf of the estate asked the court to vacate the appointment of the special administrator and quash the summons served on him. The trial court sustained the motion and, of course, Gates appeals.

### II

This is a matter of first impression in this state. The controversy pits the recovery rights of a deceased tortfeasor's victim against the interests of asset distributees in the legal feasibility of according finality to

---

1. Her husband is also a party plaintiff but fur-    ther reference to him will be omitted.

an order closing an estate. Apparently few jurisdictions have considered the question. In this state the rights, duties and powers relating to the probating and distribution of decedents' estates are governed largely by statute.[2]

Statutory authority is granted for opening a closed estate "if it becomes necessary or proper for any cause."[3] So, the ultimate question here is whether it is proper to reopen for the prosecution of plaintiff's tort claim.

The law extends priority protection to decedent's debtors with respect to estate assets. Both real and personal property are "chargeable ... with the payment of all the decedent's debts, as provided in [Title 12 of the Oklahoma Statutes]."[4] Moreover, "[t]hose to whom property is given by will are liable for the obligations of the testator in the cases and to the extent prescribed by the chapter on civil procedure, or the statutes in such case made and provided."[5]

■ Though the 30 day claim presentation limitation of 58 O.S.1981 §§ 243 and 333 is inapplicable, because those statutes refer to claims arising from contract,[6] defendant says that the three month limitation period in 58 O.S.1981 § 67, does apply. That section prescribes that if no person contests the admission of a will to probate within three months after its admission, the probate of the will becomes conclusive.

The flaw in this contention is that plaintiff is not contesting the probate of Smith's will. It is a matter of no concern to plaintiff whether the will was probated or not, nor to whom Smith left his estate. If anything, plaintiff wants enforced the very first direction Smith gave in his will—"that all my debts be paid."

And for that matter, it was long ago held that an ex contractu creditor or claimant is entitled to reopen a closed estate for the establishment and payment of his claim if he can show a legal excuse for having failed to attempt to secure the desired relief during the original administration proceedings.[7] We can see no legitimate reason why a tort claimant should have fewer rights.

■ Certainly here plaintiff has shown one of the best reasons in the world why she did not sue earlier—she did not know that Smith had injured her. The allegation in fact is that although kidney discomfort and elevated blood pressure were classic symptoms of a tied-off ureter—a common accidental injury in such gynecological surgery, incidentally—Smith declined to examine her or disclose to her the probable reason for her postoperative distress during several follow up visits to his office. As a matter of fact these allegations suggest an intentional malfeasance that eventuated in plaintiff's loss of a kidney—a kidney that could have been saved by early diagnosis and corrective treatment.

The fact that there may exist some question concerning the collectability of a judgment facing plaintiff somewhere down the road affords no excuse for judicially obstructing her pursuit of a judgment at this juncture by refusing to reopen the estate proceedings.

The order appealed is vacated and the cause remanded for further proceedings.

DeMIER and STUBBLEFIELD, JJ., concur.

2. 58 O.S.1981 §§ 621–695, which concern probate procedure, and 84 O.S.1981 §§ 1–308, which deal with distribution of estates both testamentary and nontestamentary.

3. 58 O.S.1981 § 692.

4. 84 O.S.1981 § 41. See 84 O.S.1981 § 2, for same provision as to intestate estates.

5. 84 O.S.1981 § 21. The reference to the chapter on civil procedure is, of course, to the relevant provisions of Title 12 of the Oklahoma Statutes.

6. *Becker v. State ex rel. Department of Public Welfare,* Okl., 312 P.2d 935 (1957). Presentation of a claim for tort damage is not necessary.

7. *Holmes v. Patterson,* 91 Okl. 163, 215 P. 1071 (1923).